**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JOHN L. MCGILL** | |
| Plaintiff, | CIVIL ACTION |
| v. | |
| **MINNESOTA MUTUAL LIFE INS. CO.,** | |
| Defendant. | No: 05-0481/S |

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT, THE MINNESOTA LIFE INSURANCE COMPANY,[1] TO PLAINTIFF'S COMPLAINT**

Defendant, The Minnesota Life Insurance Company (incorrectly designated in the caption as "Minnesota Mutual Life Insurance Company"), by and through its counsel, and for its Answer with Affirmative Defenses to Plaintiff's Complaint, does aver as follows:

**THE PARTIES**

1. Denied, as defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in the corresponding paragraph of the Complaint.

2. Agreed.

**JURISDICTION**

3. Denied as conclusions of law to which no responsive pleading is required.

**COUNT I – MISREPRESENTATION**

4. Denied, as the "Proposal" is a written document, which speaks for itself.

5. Denied.

1 The Minnesota Life Insurance Company is incorrectly designated in the caption as "Minnesota Mutual Life Insurance Company."

6. Denied.

7. Denied as both the "Policy" and the "Proposal" are written documents which speak for themselves.

8. Denied as conclusions of law to which no responsive pleading is required. By way of further response, and not in derogation of the forgoing, and only to the extent that plaintiff attempts to allege facts in the corresponding paragraph of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of same.

9. Denied. Further denied as both the "Policy" and the "Proposal" are written documents which speak for themselves.

10. Denied.

11. Denied as stated, as the "July 21, 1992 letter" is a written document of record before this Honorable Court, which speaks for itself.

12. Denied.

13. Denied as stated, as the "July 21, 1992 letter" is a written document of record before this Honorable Court, which speaks for itself. Denied also as conclusions of law to which no responsive pleading is required. Further denied as to what "... the Plaintiff would have reasonably believed ..." as defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of same.

14. Denied as conclusions of law to which no responsive pleading is required.

15. Denied as conclusions of law to which no responsive pleading is required.

16. Denied, as the Annual Policy Reviews are contained in written documents, which speak for themselves.

17. Denied, as the Annual Policy Reviews are contained in written documents, which speak for themselves.

18. Denied as conclusions of law to which no responsive pleading is required.

19. Denied, defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of same. Denied also as conclusions of law to which no responsive pleading is required. Further denied, as the Policy is a written document which speaks for itself.

20. Agreed.

21. Denied. Further denied as to what "... the Plaintiff reasonably believed...." as defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of same. Denied also as conclusions of law to which no responsive pleading is required.

22. Agreed in part and denied in part. It is agreed only that the plaintiff's date of birth is July 2, 1947. It is denied as a conclusion of law that the plaintiff is permanently disabled. On the contrary, at all times relevant hereto, plaintiff has been gainfully employed.

23. Denied. Further denied as the Policy is a written document, which speaks for itself.

24. Denied. Further denied as both the "Policy" and the "Proposal" are written documents which speak for themselves.

25. Denied. Further denied as the Policy is a written document, which speaks for itself.

26. Agreed.

27. Agreed.

28. Denied as conclusions of law to which no responsive pleading is required. Further denied as both the "Policy" and the "Proposal" are written documents which speak for themselves.

WHEREFORE, defendant, the Minnesota Life Insurance Company, demands judgment in its favor, and against the plaintiff, together with recovery of its costs, counsel fees, and such other relief as the Court may deem appropriate.

**COUNT II – BREACH OF CONTRACT**

29. Defendant reincorporates by reference its pleading set forth herein above, as though the same were set forth herein at length.

30. Denied as conclusions of law to which no responsive pleading is required.

31. Denied.

32. Denied as conclusions of law to which no responsive pleading is required.

33. Agreed.

34. Denied as conclusions of law to which no responsive pleading is required. Further denied as both the "Policy" and the "Proposal" are written documents which speak for themselves.

WHEREFORE, defendant, the Minnesota Life Insurance Company, demands judgment in its favor, and against the plaintiff, together with recovery of its costs, counsel fees, and such other relief as the Court may deem appropriate.

**COUNT III – FRAUD**

35. Defendant reincorporates by reference its pleading set forth herein above, as though the same were set forth herein at length.

36. Denied as conclusions of law to which no responsive pleading is required. Further denied as both the "Policy" and the "Proposal" are written documents which speak for themselves.

37. Agreed.

38. Denied as conclusions of law to which no responsive pleading is required. Further denied as both the "Policy" and the "Proposal" are written documents which speak for themselves.

39. Denied as conclusions of law to which no responsive pleading is required.

WHEREFORE, defendant, the Minnesota Life Insurance Company, demands judgment in its favor, and against the plaintiff, together with recovery of its costs, counsel fees, and such other relief as the Court may deem appropriate.

**COUNT IV – BREACH OF FIDUCIARY DUTY**

40. Defendant reincorporates by reference its pleading set forth herein above, as though the same were set forth herein at length.

41. Denied. Further denied as both the "Policy" and the "Proposal" are written documents which speak for themselves.

42. Denied as conclusions of law to which no responsive pleading is required. Further denied as both the "Policy" and the "Proposal" are written documents which speak for themselves.

43. Denied as conclusions of law to which no responsive pleading is required. Further denied, as the "Proposal" is a written document, which speaks for itself.

44. Denied as conclusions of law to which no responsive pleading is required.

45. Denied as conclusions of law to which no responsive pleading is required. Further denied as both the "Policy" and the "Proposal" are written documents which speak for themselves.

46. Denied as conclusions of law to which no responsive pleading is required.

WHEREFORE, defendant, the Minnesota Life Insurance Company, demands judgment in its favor, and against the plaintiff, together with recovery of its costs, counsel fees, and such other relief as the Court may deem appropriate.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

47. Plaintiff's state law based causes of action are pre-empted by the provisions of the Employee Retirement Income Security Act of 1974, §2, *et seq.;* 29 U.S.C. § 1001, *et seq.*, (hereinafter "ERISA") as the Policy at issue was provided by and paid for by plaintiff's former employer as part of a program established by the employer to provide disability benefits to plaintiff as a participant.

**SECOND AFFIRMATIVE DEFENSE**

48. All information available to defendant, as gathered through its fair, objective, thorough and reasonable investigation of plaintiff's claim, supports the conclusion that plaintiff is not entitled to the payment of additional benefits beyond the five year term expressly provided for by the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan. Hence, defendant's decision to deny further payment of benefits to the plaintiff was not arbitrary or capricious, nor improperly motivated, nor did defendant abuse its discretion.

**THIRD AFFIRMATIVE DEFENSE**

49. Plaintiff's claims against answering defendant are barred by the doctrines of estoppel, ratification, laches and/or unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

50. Privilege and justification. Plaintiff's claims against defendant are barred by the doctrines of privilege and justification. At all times relevant hereto, the conduct of defendant on which plaintiff's claims are based was done in accord with the privilege and justification to so act in accord with the terms of Policy provided to plaintiff and his former employer as part of an ERISA qualified plan, and by the applicable provisions of ERISA and/or any other applicable law and/or statute.

**FIFTH AFFIRMATIVE DEFENSE**

51. Waiver. Plaintiff's claims against defendant are barred because Plaintiff has waived any claims he may have had as against defendant by executing a Severance Agreement and General Release, which expressly bars the claims raised in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

52. Statute of Frauds. Plaintiff's claims against answering defendants are barred by the operation of the Statute of Frauds.

**SEVENTH AFFIRMATIVE DEFENSE**

53. Plaintiff's claims are barred because plaintiff has no further rights to benefits under the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan, and by the applicable provisions of ERISA.

**EIGHTH AFFIRMATIVE DEFENSE**

54. Plaintiff's claims are barred because the acts which plaintiff attributes to answering defendant, if same in fact occurred, were done by answering defendant in accord with the express and unambiguous terms of the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan and in full accord with applicable law, and hence such conduct can not be the basis of a finding of liability of answering defendant.

**NINTH AFFIRMATIVE DEFENSE**

55. Plaintiff's claims are barred by his own acts, errors and/or omissions, as plaintiff failed to apprise himself of the benefits available under the under the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan.

**TENTH AFFIRMATIVE DEFENSE**

56. Plaintiff is judicially estopped from asserting that the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan is not governed by ERISA because of the notarized Affidavit plaintiff executed on May 31, 1998 attesting that the facts alleged in the Motion for Judgment styled *John L. McGill v. Minnesota Mutual Life Insurance Company and J. Michael Johnson*, filed in the Circuit Court of the City of Richmond, docketed at Law No. LCJ 1593.3, are true and accurate.

**ELEVENTH AFFIRMATIVE DEFENSE**

57. In the event that the Policy here at issue is not found to be part of an ERISA qualified plan, plaintiff's claims are governed by the law of the Commonwealth of Virginia, which is the jurisdiction in which the alleged acts and omissions complained of by the plaintiff occurred, and at which time plaintiff was a citizen of the Commonwealth of Virginia.

**TWELFTH AFFIRMATIVE DEFENSE**

58. All of the acts and/or omissions which plaintiff complains constitute a cause of action against answering defendant, fail to state a cause of action against answering defendant, as the acts complained of were done by answering defendant in accord with the express and unambiguous terms of the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan and in full accord with the provisions of ERISA and any other applicable laws and statutes, and hence such conduct can not be the basis of a finding of liability of defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

59. Plaintiff's causes of action against defendant are barred by all applicable statutes of limitations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

60. At all times relevant hereto, defendant acted reasonably, in good faith and without misfeasance and/or malfeasance as to the Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

61. The Proposal is not a contract as a matter of law. Hence, plaintiff has no cause of action for the alleged breach of the Proposal.

**SIXTEENTH AFFIRMATIVE DEFENSE**

62. Parole evidence rule. Plaintiff's claims for breach of contract are barred as a matter of law pursuant to the parole evidence rule.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

63. Plaintiff has failed to exhaust his administrative remedies as required by ERISA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

64. At all times relevant hereto, answering defendant did not act recklessly, with ill will and/or unreasonably as to the Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

65. Failure of conditions precedent. Plaintiff's Complaint fails to allege the occurrence of the necessary conditions precedent for the accrual of the rights which he now claims to have been violated. As said conditions have not occurred, plaintiff has no cause of action upon which relief might be granted against defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

66. Accord and satisfaction. Plaintiff's causes of action fail because plaintiff and his former employer received the benefit of their bargain with defendant, and thus plaintiff has received full accord and satisfaction.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

67. At all times relevant hereto, answering defendant fully and completely discharged all of its obligations under the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

68. Good faith. At all times relevant hereto, answering defendant acted in good faith and discharged all of its duties under the Policy provided to plaintiff and his former

employer as part of an ERISA qualified plan fully, prudently, properly, appropriately, and in good faith.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

69. Consent. Plaintiff's claims are barred by the doctrine of consent because at all times relevant hereto, plaintiff and his former employer consented to be bound by the terms of the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan, and plaintiff cannot now seek to recover against defendant on the basis of that to which he and his former employer consented voluntarily.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

70. Defendant did not act with *scienter* to defraud the plaintiff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

71. Defendant was not, at any time relevant to plaintiff's Complaint, a fiduciary to the plaintiff with respect to the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan, nor was defendant a fiduciary to the plaintiff for any other purpose, as a matter of law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

72. Defendant did not at any time make any false representations to the plaintiff.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

73. Plaintiff did not reasonably rely to his detriment upon any representations made by the defendant.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

74. The plain language of the Proposal explicitly states that its does not in any way replace the specific coverages of the Policy, which was provided to plaintiff and his former employer as part of an ERISA qualified plan.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

75. Defendant has not breached any term of the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan.

**THIRTIETH AFFIRMATIVE DEFENSE**

76. Plaintiff did not cease his employment with his former employer as the result of any disability as disability is defined by the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

77. Plaintiff is not presently disabled as disability is defined by the Policy provided to plaintiff and his former employer as part of an ERISA qualified plan.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

78. Plaintiff has not been injured as a matter of law as he has not lost any property right nor otherwise suffered any injury or damage as the result of the alleged acts and omissions of the defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

79. Plaintiff not entitled to recover either actual or punitive damages from defendant as a matter of law.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

80. Plaintiff's claims, to the extent that plaintiff is seeking to recover on claims in the nature of bad faith, are premature, not ripe, and should be severed, stayed ot dismissed.

WHEREFORE, defendant, the Minnesota Life Insurance Company, demands judgment in its favor, and against Plaintiff, together with recovery of costs, attorneys' fees, and such other relief as the Court may deem appropriate.

Respectfully submitted,

Defendant, Minnesota Life Insurance Company,

By its attorneys

VETTER & WHITE

BY Timothy M. Bliss

Brooks Magratten #3585
Timothy Bliss #6228
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (Fax)
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

HARVEY ♦ PENNINGTON LTD.

BY: ______________________

Melissa Lang
1835 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 575-4168
(215) 568-1044 (Fax)

Dated: 12/30/05

**CERTIFICATE OF SERVICE**

To:

Jessica Basso, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909

I hereby certify that on the 30th day of December, 2005, I served on the above-named counsel of record a copy of the within Answer via first class mail, postage prepaid.

Cynthia Dragon