UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN L. McGILL | : | |
| | : | |
| v. | : | C.A. No. 05-481S |
| | : | |
| MINNESOTA MUTUAL LIFE | : | |
| INSURANCE COMPANY, alias | : | |

**MEMORANDUM AD ORDER**

Before this Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) is the Motion to Withdraw filed by Plaintiff's counsel on July 31, 2006. (Document No. 12). This Court has determined that no hearing is necessary and that this Motion can be decided based on the docket in this case and the Affidavit of Plaintiff's counsel. For the following reasons, the Motion to Withdraw is DENIED.

**Discussion**

When this action was commenced on November 18, 2005, Plaintiff's counsel, Jessica L. Basso, was employed by the law firm of D'Amico & Burchfield, LLP ("D&B"). Basso Aff., ¶ 2. By signing the Complaint in this action, Attorney Basso entered her appearance as Plaintiff's counsel and thus is "obligated to continue representing that party unless and until allowed to withdraw" by the Court. LR Gen. 206(b). No other D&B attorney entered an appearance on Plaintiff's behalf in this action. Attorney Basso's employment with D&B ceased on June 23, 2006 and she then became associated with the law firm of Coia & Lepore ("C&L") on July 10, 2006.

Attorney Basso indicates that Plaintiff expressed to her on July 26, 2006 "that he wishes for [her] to continue representing him." Basso Aff., ¶ 9. Attorney Basso, however, asserts that neither

she nor C&L "wish to assume representation of the Plaintiff." Id., ¶ 13. Attorney Basso also represents to this Court that Plaintiff made unspecified statements to her during the course of his deposition on May 31, 2006 and during a settlement conference on June 28, 2006 that "mandate the withdrawal of [her] representation." Id. ¶ 15. Attorney Basso also claims a breakdown in the attorney-client relationship but offers no specifics. Id. ¶ 14. However, her claim of a breakdown is inconsistent with Plaintiff's July 26, 2006 indication that he wants Attorney Basso to continue representing him. Id., ¶ 9.

This Court is troubled by the sequence of events. Attorney Basso asserts that Plaintiff made statements during his May 31, 2006 deposition that mandated her withdrawal from the case. However, she did not move to withdraw at that time. Rather, Attorney Basso continued to actively litigate this case. She submitted a settlement conference statement to the Court on June 19, 2006 which made no mention of any potential motion to withdraw. She attended a settlement conference on June 28, 2006 and made no mention of any need to withdraw. In fact, she advised this Court at the Conference on June 28, 2006 that she was no longer with D&B and was seeking to affiliate with a new firm. Attorney Basso gave this Court every indication that she was going to continue to represent Plaintiff and she made it a point to bring up her need to extend pretrial deadlines in view of her departure from D&B. Following the Conference, Attorney Basso did not move to withdraw but rather, on July 3, 2006, filed her motion to extend deadlines which was granted absent any opposition from Defendant. See Docket Nos. 10 and 11.

Attorney Basso asserts that withdrawal is mandated by statements made to her by Plaintiff at his deposition on May 31, 2006 but she took no action. She continued to litigate the case. She claims that withdrawal was mandated by statements made to her by Plaintiff at the June 28, 2006

settlement conference but she took no action. She continued to litigate the case and gave no indication in her July 3, 2006 motion for extension of time that she could not continue to represent Plaintiff and, in fact, her Motion indicates she was seeking alternative "employment and/or association," and gives every indication that she intended to continue to represent Plaintiff.[1] However, it reasonably appears to this Court that it was only after Attorney Basso became associated with C&L that these alleged ethical issues "mandated" her withdrawal. Thus, this Court can only assume that those issues do not "mandate" withdrawal or Attorney Basso would surely have brought them to the Court's attention shortly after the May 31, 2006 deposition, or at, or shortly after, the June 28, 2006 settlement conference, and not have continued to litigate this case.

**Conclusion**

For the foregoing reasons, Plaintiff's counsel's Motion to Withdraw (Document No. 12) is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
August 7, 2006

[1] The Motion for Extension is signed by Attorney Basso individually and includes what is assumed to be her home address and personal phone number and email address. See Document No. 10. Her signature on such Motion after her departure from D&B can also be construed as an entry of appearance. See LR Gen. 206(b).