**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JOHN L. MCGILL** | |
| Plaintiff, | CIVIL ACTION |
| v. | |
| **MINNESOTA MUTUAL LIFE INS. CO.,** | |
| Defendant. | No: 05-0481/S |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF SCHEDULING ORDER DEADLINES**

Defendant, the Minnesota Life Insurance Company ("Minnesota Mutual"), by and through its counsel, object to plaintiff's Motion for Extension of Time ("Motion").

In support of its objection and in response to the statements of plaintiff in his motion, Minnesota Mutual asserts as follows:

1. Notwithstanding that plaintiff has recently retained Mr. Pierce and the firm of Hancock & Esterbrook, LLP of Syracuse, New York to serve as lead counsel, defendant has had ample opportunity to conduct discovery in this case. Specifically:

a. Defendant disclosed the witness sought to be deposed, Eleanor Doyle, in its Self Executing Disclosure Statement hand delivered to plaintiff's counsel on January 19, 2006, a true copy of which is attached hereto as Exhibit "1";

b. From January through March, 2006, defense counsel kept plaintiff's counsel well apprised of the efforts to complete Mrs. Doyle's deposition in

New Hampshire. See, correspondence, January 21, February 21, March 23 and March 30, 2006, grouped as Exhibit "2" hereto;

c. Counsel for plaintiff and counsel for defendant continued to discuss the deposition of Mrs. Doyle via e-mail in April, 2006. See, Exhibit "3" hereto;

d. As referenced in the e-mail, counsel for the parties discussed pursuing the deposition of Mrs. Doyle further following the completion of another non-party witness in Richmond, Virginia. During that discussion, defense counsel advised plaintiff's counsel that she would defer completion of Mrs. Doyle's deposition pending the deposition of the former accountant for Interflex, who is also located in Virginia, based on verbal advice received from former counsel for Interflex that the accountant would be a better source of the information sought from the prospective deposition of Mrs. Doyle;

e. Defense counsel memorialized the abandonment of Mrs. Doyle's deposition in favor of that of the accountant in correspondence attached hereto as Exhibit "4";

f. The deposition of the accountant was completed on June 26, 2006.

g. Since that date, plaintiff made no further efforts to seek Mrs. Doyle's deposition, despite a sixty-day extension of the discovery deadlines previously granted to the plaintiff on July 6, 2006.

2. Plaintiff has neglected to seek Mrs. Doyle's deposition over the last 60 days of extended discovery, instead waiting until the 11th hour to do so, several months after the defendant abandoned the effort to depose her last Spring.

3. Defendant will be prejudiced in its right to an expeditious resolution of this claim, with respect to which defendant was prepared to file a well supported motion for summary judgment in accord with the requirements of the original Scheduling Order, on August 21, 2006. Defendant will be further prejudiced by the need to incur the costs and counsel fees to depose an individual whose testimony is anticipated to duplicate that the accountant deposed in June. Had plaintiff's counsel not encountered professional problems with the firm by which she was formerly employed, this matter would have likely been resolved in its favor, without the need to incur significant costs and counsel fees to depose Mrs. Doyle in New Hampshire. What is notably absent from plaintiff's Motion is any indication of (1) why Mrs. Doyle's deposition is critical to the prosecution of this action; (2) if the deposition is critical, why it was initially only sought by the defense, and (3) if the deposition is critical, why plaintiff did not seek to subpoena her for deposition before the eve of the expiration of the extended Scheduling Order deadlines previously granted to the plaintiff. Indeed, "scheduling difficulties" on which plaintiff relies to support the motion were caused by the plaintiff's inaction, not the unavailability of defense counsel.

4. As to the issue of the substantive need by the plaintiff for Mrs. Doyle's deposition, defense counsel inquired of Mr. Pierce why he wanted to depose her, and he asserted that her testimony was relevant to the issue of the constructive delivery of the policy to the plaintiff. See, e-mail, Exhibit "5" hereto. When defense counsel pointed out the futility of such testimony in view of the plaintiff's admission under oath that he pilfered the policy from his former employer's files no later than the fall of 1995,

which still renders the claims time barred, Mr. Pierce refused to elaborate further on why Mrs. Doyle should be deposed. See, e-mail, Exhibit "6" hereto.

5. If plaintiff can not state with any degree of particularity why Mrs. Doyle's deposition must be taken, or why it was not taken reasonably in advance of the discovery deadline, and defendant has demonstrated prejudice by the further needless multiplication of these proceedings on a time barred claim, plaintiff's Motion should be denied.

Respectfully submitted,

Defendant, Minnesota Life Insurance Company,

By its attorneys
VETTER & WHITE

BY /s/ Timothy M. Bliss
Brooks Magratten, No. 3585
bmagratten@vetterandwhite.com
Timothy Bliss, No. 6228
tbliss@vetterandwhite.com
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (Fax)

HARVEY ♦ PENNINGTON LTD.

BY: Melissa Lang (TMB)
Melissa Lang, Esq.
1835 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 575-4168
(215) 568-1044 (Fax)

Dated: September 19, 2006

**CERTIFICATE OF SERVICE**

To:

Jessica Basso, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909

I hereby certify that I electronically filed the within Defendant's Response in Opposition to Plaintiff's Second Motion For Extension of Scheduling Order Deadlines on September 19, 2006. The Response is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Timothy M. Bliss