EXHIBIT "5"

**Lang, Melissa**

---

**From:** Lang, Melissa
**Sent:** Wednesday, September 13, 2006 12:25 PM
**To:** 'Alan J. Pierce'
**Cc:** 'jbasso@coialepore.com'
**Subject:** McGill v. Minn. Life

Mr. Pierce,

By way of follow up to our telephone conversation of this afternoon, Ms. Basso's office address and telephone number are on your Motion for Admission Pro Hac. Her number is (401) 751-5522.

In view of your advice that the plaintiff's basis for seeking Mrs. Doyle's deposition is to address the issue of actual or constructive delivery of the policy, respectfully, this appears to be a non-issue vis `a vis the defendant's limitations defenses. Mr. McGill testified at deposition that he found the policy while still employed by Interflex while searching for documents in support of a potential shareholder action against his soon to be former employer. Mr. McGill's termination from Interflex was effective 11-30-95, more than ten years prior to the institution of suit. Even if Minnesota Life concedes that the policy was not delivered to Mr. McGill until he took possession of it from Interflex, by his own admission by stealth, the claims are time barred under applicable federal and/or Virginia law.

Accordingly, the defense is constrained to object to an extension of the discovery deadline to complete Mrs. Doyle's deposition to support a claim which is time barred by any measure. I believe a deposition beyond the discovery deadline on this issue would be barred by the doctrine of futility.

In any event, please keep me apprised of the status of service of a subpoena upon Mrs. Doyle.

Thank you,

Melissa Lang, Esquire
**HARVEY, PENNINGTON LTD.**
1835 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 563-4470
Fax: (215) 568-1044
Direct Dial: (215) 575-4168
http://www.harvpenn.com
mailto:mlang@harvpenn.com

Disclaimer: This message (which may contain information that is privileged, confidential and exempt from disclosure under applicable law) is intended only for the use of the individual or entity to which it is addressed. If the receiver of this message is not the intended recipient, or as the employee or agent responsible for opening this message, you are hereby notified that any dissemination, distribution or copying of this message or its attachment(s) is strictly prohibited. If you have received this message in error, please delete this message from your system and notify us immediately by telephone (800) 835-0353.

EXHIBIT "6"

**Lang, Melissa**

---

**From:** Lang, Melissa

**Sent:** Thursday, September 14, 2006 10:06 AM

**To:** 'Alan J. Pierce'

**Subject:** RE: McGill v. Minn. Life

I don't have an office address or phone number for Mrs. Doyle. It is my understanding that she is retired from Interflex. I'm not in the office today, and I don't remember how I got her address in New Hampshire, and I'd have to review my file from 7 months ago to see where I got the address from. I think I wrote to her at Interflex' current address, and the letter may have been forwarded to her, and she called me.

Melissa Lang

-----Original Message-----
**From:** Alan J. Pierce [mailto:apierce@hancocklaw.com]
**Sent:** Thursday, September 14, 2006 10:00 AM
**To:** Lang, Melissa
**Cc:** jbasso@coialepore.com
**Subject:** RE: McGill v. Minn. Life

Ms. Lang:

Please provide me with an office address and telephone number for Ms. Doyle as we discussed yesterday, not my co-counsel Ms. Basso with whom I have been in constant communication. We were discussing my ability to locate and contact Ms. Boyle when you offered to provide me with her office address and telephone number.

As to your other comments regarding Ms. Doyle's deposition, while I am new to this case and certainly do not know it as well as you yet, I am confident that her deposition is relevant to the issues in this case. Moreover, since you previously subpoenaed her it was seem that Defendant cannot claim her testimony is not relevant. It was not my intention to disclose to you in my cell phone conversation yesterday (on my way to a client meeting) every reason why I think her testimony is relevant. Since none of the current claims have been dismissed, her testimony could be relevant to one or more of them.

As a non-Rhode Island attorney, just as you are, I am simply looking for a minimally reasonable amount of time to complete one deposition in a case I have not even officially joined yet and in which I was just retained.

I will, of course, advise you of the progress in serving Ms. Doyle.

Alan J. Pierce, Esq.
Hancock & Estabrook, LLP
1500 Tower I
P.O. Box 4976
Syracuse, New York 13221-4976
Tel: 315-471-3151
Fax: 315-471-3167
Email: apierce@hancocklaw.com
www.hancocklaw.com

---

**From:** Lang, Melissa [mailto:mlang@harvpenn.com]

**Sent:** Wednesday, September 13, 2006 12:25 PM
**To:** Alan J. Pierce
**Cc:** jbasso@coialepore.com
**Subject:** McGill v. Minn. Life

Mr. Pierce,

By way of follow up to our telephone conversation of this afternoon, Ms. Basso's office address and telephone number are on your Motion for Admission Pro Hac. Her number is (401) 751-5522.

In view of your advice that the plaintiff's basis for seeking Mrs. Doyle's deposition is to address the issue of actual or constructive delivery of the policy, respectfully, this appears to be a non-issue vis `a vis the defendant's limitations defenses. Mr. McGill testified at deposition that he found the policy while still employed by Interflex while searching for documents in support of a potential shareholder action against his soon to be former employer. Mr. McGill's termination from Interflex was effective 11-30-95, more than ten years prior to the institution of suit. Even if Minnesota Life concedes that the policy was not delivered to Mr. McGill until he took possession of it from Interflex, by his own admission by stealth, the claims are time barred under applicable federal and/or Virginia law.

Accordingly, the defense is constrained to object to an extension of the discovery deadline to complete Mrs. Doyle's deposition to support a claim which is time barred by any measure. I believe a deposition beyond the discovery deadline on this issue would be barred by the doctrine of futility.

In any event, please keep me apprised of the status of service of a subpoena upon Mrs. Doyle.

Thank you,

Melissa Lang, Esquire
HARVEY, PENNINGTON LTD.
1835 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 563-4470
Fax: (215) 568-1044
Direct Dial: (215) 575-4168
http://www.harvpenn.com
mailto:mlang@harvpenn.com

Disclaimer: This message (which may contain information that is privileged, confidential and exempt from disclosure under applicable law) is intended only for the use of the individual or entity to which it is addressed. If the receiver of this message is not the intended recipient, or as the employee or agent responsible for opening this message, you are hereby notified that any dissemination, distribution or copying of this message or its attachment(s) is strictly prohibited. If you have received this message in error, please delete this message from your system and notify us immediately by telephone (800) 835-0353.