UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN L. MCGILL,<br><br>Plaintiff<br><br>v.<br><br>MINNESOTA MUTUAL LIFE INS. CO.,<br><br>Defendant | C.A. No. 05-0481/S |

**STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56(a) and in further support of its Motion for Summary Judgment, defendant Minnesota Life Insurance Company ("Minnesota Life") submits the following Statement of Undisputed Facts:

1. In 1992, plaintiff was an executive officer of the Interflex Group ("Interflex"). McGill Transcript[1] at p. 40, lines 20 – 24; 41 – 42, *passim.*

2. In May, 1992, Interflex elected to sponsor a program of "Keyman" disability insurance for its senior executives. McGill Transcript at p. 57, *passim,* p. 59, lines 19 – 24, pp. 60 – 61, *passim*; Johnson Transcript[2] at p. 21, lines 15 – 22, p. 23, lines 13 – 19, p. 24, lines 3 – 15, p. 25, lines 4 – 18.

3. Interflex worked with a broker, J. Michael Johnson ("Johnson"), to have the employer sponsored coverage issued with Minnesota Life as the underwriter and administrator of the Keyman Disability Insurance Program. McGill Transcript at p. 61, lines 15-22, p. 65, lines 1

[1] The term "McGill Transcript" refers to the transcript of the deposition of John L. McGill, dated May 31, 2006, a copy of which is attached hereto as Exhibit A.

– 5; Johnson Transcript at pp. 19 – 22, *passim*. Coverage was to be provided for the plaintiff, as well as for six other Interflex key executives. McGill Transcript at p. 60, lines 8 – 14; Johnson Transcript at p. 22, lines 5- 13, p. 25, lines 4 – 22, p. 26, lines 12 – 22, pp. 27 – 28, *passim*.

4. Prior to the preparation of applications for coverage for the Interflex "keymen," the broker prepared proposals for each executive, including the plaintiff. Johnson Transcript at p. 30, lines 21-22, p. 31, lines 1 – 4; McGill Transcript at p. 86, lines 8 – 15, p. 94, lines 16 - 18.

5. The proposal prepared for the plaintiff ("Proposal") states, "This proposal does not in any way replace the specific coverages provided in the policy. See the policy for details. Both policy benefits and wording may vary . . . ." See, Proposal[3], *passim*; Johnson Transcript at p. 64, lines 11 -20; McGill Transcript at p. 116. The Proposal outlined in general terms that coverage be issued to age sixty-five. See, Proposal, *passim*; McGill Transcript at p. 94, lines 19 – 23, p. 95, lines 2-3 – 21.

6. After the plaintiff's application for insurance ("Application") was analyzed by defendant's underwriter, defendant determined that it could not issue the policy under the terms of the Proposal. Johnson Transcript at p. 29, lines 9 – 22, p. 30, lines 1 – 7, p. 33, lines 5 – 21. Instead, the policy ("Policy") was issued with a limited five-year benefit period at a higher premium due to plaintiff's medical history and physical condition. Policy[4] at p. 1A; Johnson Transcript at p. 37, lines 12 – 22, p. 38, lines 5 – 22, p. 45, lines 13 – 22, p. 46, lines 1 – 6;

---

[2] The term "Johnson Transcript" refers to the transcript of the deposition of J. Michael Johnson, dated April 12, 2006, a copy of which is attached hereto as Exhibit B.

[3] A copy of the Proposal, which was appended as "Exhibit A" to the Motion for Judgment in the matter of *John L. McGill v. Minnesota Mutual Life Insurance Company, et al.*, Circuit Court for the City of Richmond, Virginia, at Law No. LC.1593.43 (marked as "Exhibit No. 11" at the deposition of Johnson) is attached hereto as Exhibit C.

[4] A copy of the Policy, which was marked as "Exhibit No. 10" at the deposition of Johnson, is attached hereto as Exhibit D.

McGill Transcript at p. 97, lines 5 – 9. Correspondence explaining that changes were made to the Policy was sent to the defendant. July 21, 1992 Correspondence.[5]

7. On the Application, which plaintiff acknowledged was accurately prepared, it is designated that mail related to the Policy was to be directed to Interflex's offices in Ashland, Virginia. McGill Transcript at p. 81, lines 16 – 24, p. 82, lines 1 – 10; Application[6] at p. 1.

8. Johnson delivered the Policy to the plaintiff at Interflex's offices. Johnson explained the Policy, as issued, with a five-year limited benefit period, to the plaintiff. Johnson Transcript, p. 36 at lines 9-10, 16 – 20, p. 38, lines 5 – 22, p. 41, lines 16 – 22, p. 42, lines 1 – 10.

9. Plaintiff took possession of the Policy in October, 1995, when he found it in the office of Eleanor "Micki" Doyle, the wife of the Chairman of Interflex. McGill Transcript at p. 147, lines 7 – 24. Plaintiff described sneaking through the papers in Mrs. Doyle's office after he realized that he was to be terminated to look for documents to support potential claims against Interflex in shareholder litigation. McGill Transcript at p. 149, lines 10 -24, p. 150, *passim*.

10. On November 30, 1995, plaintiff was terminated from his position as President of Interflex. McGill Transcript at p. 120, lines 20 -24, p. 121, lines 9-11.

11. After his termination, Plaintiff executed a Severance Agreement and General Release (hereinafter "Release") in which he expressly released Interflex and its agents and administrators, including defendant, from any and all claims that plaintiff "has, may have, or may claim to have . . . known or unknown . . . including, but not limited to . . . claims demands or actions arising under . . . the Employee Income Security Act . . . any right of payment of Disability or any other . . . contractual right of payment . . . or any other . . . contractual right of

[5] A copy of the July 21, 1992 correspondence from Minnesota Mutual to the plaintiff, which was marked as "Exhibit No. 2" at the deposition of Johnson, is attached hereto as Exhibit E.
[6] A copy of the Application, which was appended to the Policy, is attached hereto as Exhibit F.

payment, or any claim for relief on the basis of an alleged tort or breach of contract under the common law of the Commonwealth of Virginia or any other state . . . ." Release[7] at § 7.

12. After his termination by Interflex, plaintiff filed a claim for disability benefits under the Policy on the basis of severe obstructive sleep apnea. Complaint at ¶ 20.

13. After filing the claim for disability benefits, plaintiff continued to serve as a consultant for Sun Ribbon, Inc., completed an LLM degree at Temple University, operated his own consulting business, founded his own law firm (once in New York, and later in Rhode Island), operated a real estate holding company, passed the New York State Bar Exam, and served as a public official for the City of Oswego, New York. McGill Transcript at p. 6, lines 8 – 24, p. 17, lines 6 – 15, p. 24, lines 10 – 24, p. 26, lines 11 – 14, p. 27, lines 3 -4, p. 28, *passim,* p. 29, lines 1 – 4, pp. 30 – 35.

14. Prior to plaintiff's termination by Interflex, Interflex paid the premiums for the Policy. McGill Transcript at p. 91, lines 1 – 12, p. 100, lines 23 – 24, p. 101, lines 1 – 2, 18, p. 120, lines 11 – 17, p. 122, lines 20 – 24, p. 124, lines 5 – 24; Turnbull Transcript[8] at p. 8, lines 13 – 24, p. 9, lines 1 – 4. To the extent that plaintiff paid premiums for the Policy after his termination by Interflex, plaintiff was reimbursed by defendant for those premiums for the Policy that he paid in 1996. McGill Transcript at p. 126, lines 1 – 16.

15. Interflex did not issue plaintiff a 1099 form imputing the premiums paid for the Policy as income to the plaintiff. Turnbull Transcript at p. 5, lines 4 – 16, p. 6, lines 20 – 25, p. 7, lines 1 – 15, p. 8, *passim,* p. 10, lines 13 – 23.

---

[7] A copy of the Release, which was marked as "Exhibit No. 1" at the deposition of McGill, is attached hereto as Exhibit G.

[8] The term "Turnbull Transcript" refers to the transcript of the deposition of Stephen Turnbull, CPA, dated June 26, 2006, a copy of which is attached hereto as Exhibit H.

16. In July, 1997, plaintiff brought suit against defendant and the broker in Virginia. See Virginia Complaint.[9] In the Virginia Complaint, in support of which Plaintiff executed an affidavit attesting to the veracity of the allegations, he alleged that the Policy was paid for and sponsored by Interflex. Virginia Complaint at ¶¶ 4, 7, 11. That action was concluded by way of demurrer. McGill Transcript at p. 106, lines 15 – 24.

17. On February 1, 2001, plaintiff received the last payment of benefits, as the five-year benefit period called for by the Policy was exhausted. McGill Transcript at p. 156, lines 21 – 24, p. 157, lines 1 – 2; Complaint at ¶ 26.

18. On May 25, 2001, plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy"). See, Bankruptcy Docket.[10]

19. Although plaintiff originally filed for reorganization, the Bankruptcy was resolved as a "no asset" Chapter 7, and plaintiff was discharged. See, Final Report and Account.[11] Plaintiff failed to schedule his claim against Minnesota Life as an asset in the bankruptcy. McGill Transcript at p. 157, lines 3 – 8.

20. In December of 2005, after the Bankruptcy was concluded, plaintiff filed this action. <u>See</u> Bankruptcy Docket; Complaint.

---

[9] The term "Virginia Complaint" refers to the complaint (titled "Motion for Judgment,") filed in the Circuit Court for the City of Richmond, Virginia, in the case captioned, *John L. McGill v. Minnesota Mutual Life Insurance Company, et al.*, at Law No. LC.1593.43, a copy of which was marked as "Exhibit No. 11" at the deposition of Johnson, is attached hereto as Exhibit I.

[10] The term "Bankruptcy Docket" refers to the docket sheet from the Bankruptcy, a copy of which is attached hereto as Exhibit J.

[11] The term "Final Report and Account" refers to the Final Report and Account filed in the Bankruptcy, a copy of which is attached hereto as Exhibit K.

/s/ Timothy M. Bliss
Brooks R. Magratten, No. 3585
bmagratten@vetterandwhite.com
Timothy M. Bliss, No. 6228
tbliss@vetterandwhite.com
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

HARVEY ♦ PENNINGTON LTD.

Melissa Lang /TMB

Melissa Lang, Esq.
1835 Market Street - 29th Floor
Philadelphia, Pennsylvania 19103
(215) 575-4168
(215) 568-1044 FAX

Dated: October 20, 2006

CERTIFICATE OF SERVICE

To:

Alan J. Pierce, Esq.
Hancock & Estabrook, LLP
1500 MONY Tower I
P.O. Box 4976
Syracuse, NY 13221-4976

Jessica Basso, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909

I hereby certify that I electronically filed the within Statement of Undisputed Facts on October 20, 2006. The Statement of Undisputed Facts is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-listed counsel of record has been effectuated by electronic means.

/s/ Timothy M. Bliss