# EXHIBIT G

EXHIBIT 1
WIT: McGill
DATE: 5/31/06
Victoria S. Reade

INTERFLEX GROUP

## SEVERANCE AGREEMENT AND GENERAL RELEASE

THIS AGREEMENT IS MADE AND ENTERED INTO THIS 30TH DAY OF NOVEMBER, 1995 BY AND BETWEEN JOHN L. MCGILL (HEREIN AFTER "MCGILL") AND THE INTERFLEX GROUP, INC. (HEREIN AFTER THE "COMPANY").

1992 JLM

WHEREAS, MCGILL AND THE COMPANY ENTERED INTO AN EMPLOYMENT RELATIONSHIP ON JANUARY 6, ~~1993~~ WHEREIN MCGILL SERVED AS VICE PRESIDENT AND PRESIDENT CURRENTLY REPORTING TO THE COMPANY CHAIRMAN AND CEO JOSEPH S. DOYLE.

WHEREAS, THE COMPANY HAS DECIDED THAT A COMPANY REORGANIZATION, WHEREIN MCGILLS POSITION AS PRESIDENT IS BEING ELIMINATED, WILL BEST SERVE THE INTERESTS OF THE COMPANY AND ITS SHAREHOLDERS.

WHEREAS, THE PARTIES ARE DESIROUS OF AVOIDING CONTROVERSY OR LITIGATION BETWEEN THEM, AND OF FULLY SETTLING AND COMPROMISING ANY AND ALL CLAIMS AND ISSUES THAT HAVE BEEN RAISED OR COULD BE RAISED BY MCGILL AGAINST THE COMPANY AND OF FULLY SETTLING AND COMPROMISING ANY AND ALL CLAIMS AND ISSUES THAT MCGILL HAS, OR MAY HAVE, OR MAY CLAIM TO HAVE AGAINST THE COMPANY ARISING OUT OF, OR IN ANYWAY RELATED TO MCGILLS EMPLOYMENT OR THE SEPARATION OF MCGILLS EMPLOYMENT WITH THE COMPANY.

WHEREAS, THE PARTIES AGREE THAT MCGILL HAS PROPRIETARY KNOWLEDGE OF THE COMPANY'S STRATEGY, PRICES AND PRICING POLICIES, MANUFACTURING PROCESSES, AND CUSTOMER LISTS.

NOW THEREFORE, IN CONSIDERATION OF THE MUTUAL PROMISES CONTAINED IN THE AGREEMENT,

IT IS HEREBY AGREED AS FOLLOWS:

1. MCGILL HEREBY AGREES AND ACKNOWLEDGES THAT HE WILL LEAVE THE COMPANY DUE TO A COMPANY REORGANIZATION EFFECTIVE NOVEMBER 30, 1995.

2. IN CONSIDERATION FOR SIGNING THIS AGREEMENT WITHOUT REVOCATION, THE COMPANY WILL PROVIDE TO MCGILL THREE (3) MONTHS OF SALARY CONTINUATION AT HIS CURRENT SALARY RATE OF $2692.31 PER WEEK. THE AGGREGATE OF THIS SALARY CONTINUATION IS $37,692.34 LESS WITHHOLDINGS AND DEDUCTIONS, AND WILL BE PAID PERIODICALLY, AS MCGILL IS CURRENTLY BEING PAID, BEGINNING WITH THE FIRST PAY DATE OF DECEMBER 14, 1995 AND ENDING WITH THE LAST PAY DATE OF MARCH 14, 1996.

3. THE COMPANY ALSO HEREBY AGREES TO PAY MCGILL A TOTAL OF $22,282, BEGINNING ON MARCH 21, 1996 IN 6 EQUAL PAYMENTS OF $3713.70 THROUGH AUGUST 21, 1996, THE TOTAL VALUE OF WHICH REPRESENTS 1% OF THE COMPANY STOCK AS VALUED IN OCTOBER, 1994.

4. MCGILL AGREES THAT THE COMPANY IS NOT REQUIRED TO MAKE THE PAYMENTS SPECIFIED IN PARAGRAPHS 2 & 3 ABOVE UNDER ITS NORMAL POLICIES AND PRACTICES. MCGILL FURTHER UNDERSTANDS AND AGREES THAT THIS AMOUNT IS ALL HE IS ENTITLED TO RECEIVE FROM THE COMPANY. MCGILL WILL RECEIVE NO FURTHER WAGE, INCENTIVE OR OTHER SIMILAR PAYMENTS FROM THE COMPANY.

5. MCGILL ACKNOWLEDGES THAT ALL ACCRUED VACATION FOR 1995 HAS BEEN USED AND THAT NO VACATION PAY IS OWED HIM.



RECEIVED
APR 16 1996
CLAIM DEP

323 Hill Carter Parkway • Ashland, VA 23005 • 804-798-0571 • FAX 804-798-2516

6. THE COMPANY HEREBY AGREES TO CONTINUE THE FULL RANGE OF CURRENT BENEFITS FOR THE THREE (3) MONTHS OF SALARY CONTINUATION PERIOD, ENDING COMMENSURATE WITH THE SALARY CONTINUATION TERMINATION AS OUTLINED IN PARAGRAPH 2 ABOVE. HEALTH BENEFITS AFTER MARCH 21, 1996 ARE AVAILABLE TO MCGILL THROUGH THE COBRA PLAN AT MCGILLS EXPENSE. MCGILLS 401(K) PLAN BENEFITS MAY CONTINUE THROUGH MARCH 21, 1996 AT HIS ELECTION, AND ANY DISTRIBUTIONS DUE TO MCGILL PURSUANT TO THE COMPANY'S 401(K) PLAN WILL BE MADE IN ACCORDANCE WITH THE PLAN.

7. AS A MATERIAL INDUCEMENT TO THE COMPANY TO ENTER INTO THIS AGREEMENT, MCGILL, FOR HIMSELF, HIS HEIRS, EXECUTORS, ADMINISTRATORS AND ASSIGNS IRREVOCABLY AND UNCONDITIONALLY RELEASES AND DISCHARGES THE COMPANY, ITS SUCCESSORS, EMPLOYEES, OFFICERS, DIRECTORS, AGENTS, AND ASSIGNS, AND ANYONE ELSE ACTING BY, THROUGH, UNDER OR IN CONCERT WITH THEM FROM ANY AND ALL LIABILITY, CLAIMS, OR DEMANDS THAT HE HAS OR MAY HAVE, WHETHER KNOWN OR UNKNOWN, THROUGH THE EFFECTIVE DATE OF THIS AGREEMENT, INCLUDING, BUT NOT LIMITED TO CLAIMS, DEMANDS, OR ACTIONS ARISING UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, THE AMERICANS WITH DISABILITIES ACT, THE VIRGINIA HUMAN RIGHTS ACT, OR ANY SUCH VIRGINIA ACT RELATED TO HUMAN RIGHTS, THE EMPLOYEE RETIREMENT INCOME SECURITY ACT, AND ANY OTHER FEDERAL, STATE, OR LOCAL STATUTE, ORDINANCE, OR REGULATION WITH RESPECT TO EMPLOYMENT, AND IN ADDITION THERETO, FROM ANY OTHER CLAIMS, DEMANDS, OR ACTIONS WITH RESPECT TO MCGILLS EMPLOYMENT WITH THE COMPANY, INCLUDING, BUT NOT LIMITED TO ANY RIGHT OF PAYMENT FOR DISABILITY OR ANY OTHER STATUTORY OR CONTRACTUAL RIGHT OF PAYMENT, OR ANY CLAIM FOR RELIEF ON THE BASIS OF AN ALLEGED TORT OR BREACH OF CONTRACT UNDER THE COMMON LAW OF THE COMMONWEALTH OF VIRGINIA OR ANY OTHER STATE. MCGILL FURTHER AGREES AND COVENANTS THAT HE WILL NOT SUE THE COMPANY ON ANY GROUNDS ARISING OUT OF HIS EMPLOYMENT, HIS PAY, OR OTHER BENEFITS OF EMPLOYMENT, OR ANOTHER THEORY OR CAUSE OF ACTION UNDER ANY FEDERAL, STATE, LOCAL OR COMMON LAW RELATING IN ANYWAY TO HIS EMPLOYMENT WITH THE COMPANY.

8. IN THE EVENT MCGILL VIOLATES THE COVENANT NOT-TO-SUE CONTAINED IN PARAGRAPH 7, ABOVE AND ASSERTS A CLAIM AGAINST THE COMPANY, MCGILL WILL PAY ALL COSTS, INCLUDING REASONABLE ATTORNEY FEES, INCURRED BY THE COMPANY IN DEFENDING ITSELF AGAINST SUCH CLAIM.

9. THIS AGREEMENT IS NOT AND SHALL NOT IN ANY WAY BE CONSIDERED OR INTERPRETED TO BE AN ADMISSION BY EITHER PARTY THAT HE/IT HAS DONE ANYTHING WRONG.

10. MCGILL SHALL HAVE TWENTY-ONE (21) DAYS FROM RECEIPT OF THIS AGREEMENT WITHIN WHICH TO REVIEW AND CONSIDER THIS AGREEMENT BEFORE SIGNING AND RETURNING IT TO THE COMPANY. MCGILL ACKNOWLEDGES THAT HE HAS BEEN ADVISED BY THE COMPANY THAT HE SHOULD CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT. MCGILL UNDERSTANDS THAT HE MAY REVOKE THIS AGREEMENT WITHIN SEVEN (7) DAYS AFTER SIGNING THIS AGREEMENT, AND THAT IF HE ELECTS TO REVOKE THE AGREEMENT, HE MUST DO SO BY DELIVERING A WRITTEN NOTICE OF REVOCATION TO JOSEPH S. DOYLE, CHAIRMAN AND CEO OF THE COMPANY NO LATER THAN THE CLOSE OF BUSINESS ON THE SEVENTH (7) DAY AFTER HE SIGNS THIS AGREEMENT. IF MCGILL REVOKES THIS AGREEMENT, IT SHALL NOT BE EFFECTIVE OR ENFORCEABLE AND HE WILL NOT BE ENTITLED TO RECEIVE AND/OR RETAIN THE BENEFITS DESCRIBED IN PARAGRAPHS 2, 3, & 6 ABOVE.

11. EACH OF THE PARTIES HERETO FURTHER AGREE TO NOT INTENTIONALLY OR PURPOSELY DEFAME THE OTHER PARTY IN ANY WAY AND ACKNOWLEDGES A BREACH OF THIS PROVISION COULD CAUSE IRREPARABLE HARM TO THE OTHER PARTY. REMEDIES AT LAW MAY BE INADEQUATE AND THE DAMAGED PARTY SHALL BE ENTITLED TO EQUITABLE RELIEF, INCLUDING, WITHOUT LIMITATION, INJUNCTIVE RELIEF, SPECIFIC PERFORMANCE OR OTHER EQUITABLE REMEDIES IN ADDITION TO ALL OTHER REMEDIES PROVIDED THEREUNDER OR AVAILABLE AT LAW OR EQUITY.

NEITHER PARTY MAY TAKE ANY ACTION AGAINST THE OTHER PARTY FOR RELIEF UNDER THE PRECEDING TWO SENTENCES UNLESS SUCH ACTION IS COMMENCED WITHIN TWO (2) YEARS FROM THE DATE OF THIS AGREEMENT.

12. AS A FURTHER MATERIAL INDUCEMENT TO THE COMPANY TO ENTER INTO THIS AGREEMENT, MCGILL AGREES TO KEEP THE FACT, TERMS AND AMOUNT OF THIS AGREEMENT COMPLETELY CONFIDENTIAL AND WILL NOT HEREAFTER DISCLOSE ANY INFORMATION CONCERNING THIS AGREEMENT TO ANYONE, EXCEPT MCGILL MAY DISCUSS THIS MATTER WITH HIS SPOUSE, ATTORNEY AND TAX ADVISORS, ON THE CONDITION THAT ANY UNAUTHORIZED DISCLOSURES BY THEM SHALL BE DEEMED A BREACH OF THIS AGREEMENT.

13. MCGILL FURTHER AGREES THAT HE WILL NOT, FOR A PERIOD OF 24 MONTHS AFTER HIS EMPLOYMENT WITH THE COMPANY AND AFTER THE EXECUTION OF THIS AGREEMENT COMPETE WITH PERSONALLY OR WORK FOR A COMPANY THAT COMPETES WITH THE INTERFLEX GROUP, INC. IN THE POULTRY, PORK, PRODUCE OR BEVERAGE INDUSTRIES. HE FURTHER AGREES NOT TO DISCLOSE ANY CONFIDENTIAL OR PROPRIETARY INFORMATION OF THE COMPANY, OR SUBSIDIARY OR AFFILIATE THEREOF, TO ANY PERSON, FIRM, CORPORATION, ASSOCIATION OR OTHER ENTITY (OTHER THAT TO APPROPRIATE PERSONS IN THE COMPANY'S ORGANIZATION) OR USE ANY SUCH CONFIDENTIAL OR PROPRIETARY INFORMATION FOR HIS OWN PURPOSE OR FOR THE BENEFIT OF ANY OTHER PERSON, FIRM, CORPORATION OR OTHER ENTITY EXCEPT THE COMPANY OR ANY SUBSIDIARY OR AFFILIATE THEREOF. FOR THE PURPOSE OF THIS AGREEMENT, THE TERM "CONFIDENTIAL OR PROPRIETARY INFORMATION" SHALL MEAN ALL INFORMATION ABOUT THE COMPANY WHICH:

(a) RELATES TO SPECIFIC MATTERS SUCH AS TRADE SECRETS, BIDDING, PRICING AND CREDIT TECHNIQUES OR STRATEGIES, RESEARCH AND DEVELOPMENT ACTIVITIES, THE COMPANY'S COST, EXISTING OR POTENTIAL CUSTOMERS, MARKET PLANS, PRODUCT MANUFACTURING METHODS, PRODUCT DESIGNS, SOURCES OF SUPPLY FOR PRODUCT COMPONENTS AND MANUFACTURING SERVICES, SECRET PROCESSES, FORMULAS AND METHODS RELATING TO THE COMPANY'S BUSINESS, COMPUTER SOFTWARE PROGRAMS, AS THEY MAY EXIST FROM TIME TO TIME, WHICH MCGILL MAY HAVE ACQUIRED OR OBTAINED BY VIRTUE OF WORKING HERETOFORE AND HEREAFTER PERFORMED FOR THE COMPANY OR ANY SUBSIDIARY OR AFFILIATE THEREOF.

(b) AND IS KNOWN ONLY TO MCGILL OR OTHERS IN A CONFIDENTIAL RELATIONSHIP WITH THE COMPANY OR ANY SUBSIDIARY OR AFFILIATE THEREOF.

14. MCGILL FURTHER AGREES THAT ON THE EFFECTIVE DATE OF HIS TERMINATION HE WILL DELIVER TO THE COMPANY ALL CUSTOMER LISTS, PRICE INFORMATION DRAWINGS, BLUEPRINTS, MANUALS, LETTERS, LEGAL DOCUMENTS, NOTES, NOTEBOOKS, REPORTS AND COPIES THEREOF, AS WELL AS ANY AND ALL OTHER MATERIALS, SUPPLIES, AND COMPUTER EQUIPMENT INCLUDING PASSWORDS AND FLOPPY DISKS THAT HE MAY HAVE IN HIS POSSESSION OR UNDER HIS CONTROL. THIS PARAGRAPH PERTAINS TO ANY AND ALL FORMS OF INFORMATION AND MATERIAL CITED ABOVE.

15. MCGILL AGREES TO RETURN HIS COMPANY CAR, CAR KEYS, CAR DOCUMENTS AND CELLULAR PHONES AND RELATED EQUIPMENT TO THE COMPANY ON THE EFFECTIVE DATE OF HIS TERMINATION.

16. MCGILL AND COMPANY EACH ACKNOWLEDGE THAT IT IS IN THEIR MUTUAL INTERESTS TO TERMINATE THE EMPLOYMENT RELATIONSHIP IN A MANNER WHICH PRESERVES THE REPUTATION OF THE COMPANY AND MCGILL. AFTER THE DATE OF THIS AGREEMENT, MCGILL SHALL MAKE NO WRITTEN OR ORAL STATEMENT TO ANY PERSON OR ENTITY WHICH IS INTENDED OR COULD REASONABLY BE CONSTRUED TO BE CRITICISM OF THE COMPANY, ANY SUBSIDIARY OF THE COMPANY OR ANY MEMBER OF MANAGEMENT OF THE

COMPANY, EXCEPT AS COMPELLED BY LAW. IN THE EVENT OF ANY FAILURE BY MCGILL TO REFRAIN FROM MAKING SUCH STATEMENTS, MCGILL SHALL FORFEIT ANY RIGHTS TO FUTURE PAYMENTS PAYABLE BY THE COMPANY UNDER THIS AGREEMENT. AFTER THE DATE OF THIS AGREEMENT, THE COMPANY SHALL MAKE NO WRITTEN OR ORAL STATEMENT TO ANY PERSON OR ENTITY WHICH IS INTENDED OR COULD REASONABLY BE CONSTRUED TO BE CRITICISM OF MCGILL, EXCEPT AS COMPELLED BY LAW.

17. MCGILL SHALL IMMEDIATELY SURRENDER TO THE COMPANY ALL CREDIT CARDS ISSUED TO THE COMPANY OR ISSUED TO MCGILL THROUGH THE COMPANY. MCGILL WARRANTS TO THE COMPANY THAT ALL CHARGES ON SUCH CREDIT CARDS WERE PROPERLY INCURRED EXPENSES ENTITLED TO REIMBURSEMENT UNDER CURRENT EXPENSE REIMBURSEMENT POLICIES OF THE COMPANY AND HAVE BEEN REPORTED TO THE COMPANY ON EXPENSE REPORTS SUBMITTED PRIOR TO THE EFFECTIVE DATE OF THIS AGREEMENT.

18. BOTH PARTIES FURTHER AGREE THAT ANY PROVISIONS OF THIS AGREEMENT THAT MAY AT ANY TIME BE PROHIBITED OR UNENFORCEABLE BY LAW SHALL BE INEFFECTIVE ONLY TO THE EXTENT AND FOR THE DURATION OF SUCH PROHIBITION OF UNENFORECEABILITY, AND THAT ANY SUCH PROHIBITION OR UNENFORCEABILITY SHALL NOT INVALIDATE THE REMAINING PROVISIONS OF THIS AGREEMENT.

19. THE COMPANY HAS TAKEN NO IMPROPER ACTION AGAINST MCGILL IN VIOLATION OF ANY FEDERAL, STATE OR LOCAL LAW OR COMMON LAW PRINCIPLE AND THIS AGREEMENT SHALL NOT BE ADMISSIBLE IN ANY PROCEEDINGS AS EVIDENCE OF IMPROPER ACTION BY THE COMPANY.

20. THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH AND BE GOVERNED BY THE LAWS OF THE COMMONWEALTH OF VIRGINIA.

21. MCGILL ENTERS INTO THIS AGREEMENT VOLUNTARILY AND WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE. MCGILL AND THE COMPANY FURTHER ACKNOWLEDGE THAT THIS AGREEMENT SETS FORTH THE ENTIRE AGREEMENT OF THE PARTIES, SUPERSEDES ANY AND ALL PREVIOUS AGREEMENTS BETWEEN THE PARTIES AND SHALL BE FINAL AND BINDING AS TO ALL CLAIMS WHICH HAVE BEEN OR COULD HAVE BEEN ADVANCED ON BEHALF OF MCGILL AGAINST THE COMPANY.

22. MCGILL AGREES TO BE AVAILABLE TO THE COMPANY THROUGH MARCH 7, 1996 TO ANSWER QUESTIONS AND RESPOND TO INQUIRIES ON A REASONABLE BASIS.

**PLEASE READ THIS AGREEMENT CAREFULLY. IT CONTAINS THE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

| | |
|---|---|
| John L. McGill | THE INTERFLEX GROUP, INC. |
| JOHN L. MCGILL | BY Joseph S. Doyle |
| | JOSEPH S. DOYLE, CHAIRMAN & CEO |
| WITNESS: [signature] | WITNESS: [signature] |
| DATE: 12/20/95 | DATE: 12/15/95 |