UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN L. McGILL, Plaintiff, | ) | CIVIL ACTION NO.: |
| -vs- | ) | 05-CV-0481/S |
| MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Defendant. | ) | |

**PLAINTIFF, JOHN L. MCGILL'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56(a) Plaintiff, John L. McGill ("McGill"), submits this Response to the Statement of Undisputed Facts submitted by Defendant, Minnesota Mutual Life Insurance Company ("MML"), in support of its motion for summary judgment, in paragraphs numbered to correspond to MML's Statement, as follows:

1. Undisputed.

2. Disputed. In May 1992 Interflex did not "sponsor" a program of "Key Man" disability insurance for its senior executives, but instead put certain executives, including McGill, in touch with an insurance agent, E. Michael Johnson ("Johnson"), an authorized agent of MML. McGill Declaration ("Decl") at ¶¶ 3, 21-22.

3. Disputed. Each of the individual Interflex executives, including McGill, worked with the agent, Johnson, to purchase individual, supplemental disability insurance coverage from MML. The Policy issued by MML to McGill was not "employer sponsored coverage." McGill Declaration at ¶¶ 3-8, 21-22.

4. Undisputed.

5. Disputed. The Term Sheet provides for coverage to age 65. **Exhibit "C"** to MML's Statement of Undisputed Facts.

6. Disputed. Correspondence explaining that changes were made to the policy was not sent to McGill, including the unsigned July 21, 1992 letter attached as **Exhibit "E"** to the Statement of Undisputed Facts. McGill Declaration at ¶ 27. In addition, the July 21, 1992 letter attached as **Exhibit "E"** does not explain that the maximum benefit period of the Policy was changed from age 65 to a five year maximum benefit period or that this change was accompanied by an increased premium. McGill Declaration at ¶ 28.

7. Undisputed.

8. Disputed. Johnson did not deliver the policy to McGill at any time and did not explain that the policy, as issued, had a five year maximum benefit period rather than an age 65 benefit period to McGill. McGill Declaration at ¶¶ 12-13.

9. Disputed. McGill obtained the Policy in October 1995 when he found it in the office of Eleanor "Mickey" Doyle, the wife of the Chairman of Interflex, Joseph Doyle. McGill found the Policy while looking for a copy of Board Minutes reflecting that his stock options in Interflex could be purchased at estate value, but sold back to the company at market value. McGill Declaration at ¶¶ 19-20.

10. Undisputed.

11. Disputed. After McGill was terminated from his position as President of Interflex, he executed an Severance Agreement and General Release in which he expressly released Interflex and its agents and administrators, but not MML because this Policy is not governed by ERISA. Exhibit "G" to MML's Statement of Undisputed Facts.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Disputed. Interflex did issue to McGill a 1099 Form imputing the premiums paid for the Policy as income to McGill; Interflex paid the premiums for the Policy because of the Employment Agreement between McGill and Interflex by which Interflex agreed to provide paid disability insurance to McGill as a fringe benefit of his employment as an Executive. McGill Declaration at ¶¶ 2, 6; Pierce Decl., Exhibit “13”.

16. Disputed. In July 1997 McGill brought suit against MML and Johnson in Virginia and McGill executed an affidavit attesting that the facts alleged in the Motion for Judgment were true and accurate to the best of his knowledge, information, and belief at that time, but he did not allege that the Policy was “sponsored by Interflex”. Exhibit “I” to MML’s Statement of Undisputed Facts; McGill Decl. at ¶¶ 3-6.

17. Disputed. In February 2001 McGill received the last disability payment made by MML under the Policy, but not the last payment required to be made. McGill Decl. at ¶¶ 8-11.

18. Undisputed.

19. Disputed. McGill did not “fail” to schedule his potential claim against MML as an asset in his bankruptcy; he was not required by law to list the potential claim as an asset. McGill Decl. at ¶ 32.

20. Undisputed.

Dated: November 30, 2006

Respectfully Submitted:

*Counsel for Plaintiff John L. McGill*

HANCOCK & ESTABROOK LLP

By: **/s/ Alan J. Pierce**
Alan J. Pierce, Esq.

1500 Tower I, P.O. Box 4976
Syracuse, New York 13221-4976
Tel: (315) 471-3151

COIA & LEPORE
Jessica L. Basso, Esq.
226 South Main Street
Providence, RI 02903
Tel: (401) 751-5522