UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN L. McGILL, Plaintiff, | ) | CIVIL ACTION NO.: |
| -vs- | ) | 05-CV-0481/S |
| MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Defendant. | ) | |

**PLAINTIFF JOHN L. McGILL'S OBJECTIONS TO MAGISTRATE JUDGE ALMOND'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**NOW COMES** Plaintiff John L. McGill ("McGill"), by and through his counsel, and submits the following Objections to the Report and Recommendation ("R&R") of Magistrate Judge Lincoln D. Almond to grant the motion for summary judgment by Defendant Minnesota Mutual Life Insurance Company ("MML"), with the reasons for the Objections set forth in detail in the accompanying Memorandum of Law:

1. McGill objects to the recommendation that "Defendant's Motion for Summary Judgment *** be GRANTED and that the District Court enter judgment in favor of Defendant." R&R at 2.

2. McGill objects to the R&R insofar as it states that "Plaintiff contends that these two documents (the Term Sheet and Application) constituted a contract between himself and MML." R&R at 9.

3. McGill objects to finding in the R&R that "there is no contract on insurance between MML and Plaintiff providing for disability coverage through age sixty-five." R&R at 9.

4. McGill objects to the finding in the R&R that "the Application *** is merely an ex parte offer ... to purchase a contract of insurance, not an insurance contract" as applied to the MML Policy issued to McGill. R&R at 10.

5. McGill objects to the R&R insofar as it fails to find that under the language of the Policy the insurance contract between MML and McGill consists of the July 2, 1992 Policy document (MML Ex. D) and the Application (MML Ex. F), which was bound with the Policy.

6. McGill objects to the finding in the R&R that "There is no evidence in the record that MML ever accepted the terms of Plaintiff's offer. In fact, the record supports MML's position that it responded to Plaintiff's offer with a counter-offer which acts as a rejection of Plaintiff's offer as a matter of Virginia law." R&R at 11.

7. McGill objects to the finding in the R&R that "There is simply no evidence in the record that MML ever accepted Plaintiff's application for disability insurance through age sixty-five. Rather, the evidence conclusively establishes that MML rejected that application or offer, and made a counter-offer to Plaintiff after reviewing medical information obtained during the underwriting process." R&R at 13.

8. McGill objects to the findings in the R&R that "the issue of whether Plaintiff ever accepted MML's counter-offer of five-year coverage is not before the Court" (R&R at 12), and that "it is irrelevant in this dispute whether Plaintiff actually accepted the policy as proposed by MML." R&R at 13.

9. McGill objects to the findings in the R&R that "there is no evidence in the record that MML ever accepted the terms of Plaintiff's offer" (R&R at 12), and that "[t]here is simply no evidence in the record that MML ever accepted Plaintiff's application for disability insurance through age sixty-five." R&R at 13.

10. McGill objects to the finding in the R&R that "this case does not concern the benefits actually paid by MML to Plaintiff. Plaintiff's claim has nothing to do with the benefits paid. His claim alleges that MML breached the policy by failing to provide disability benefits to him thereafter until age sixty-five." R&R at 12.

11. McGill objects to the finding in the R&R that any "question of fact as to whether [Plaintiff] accepted the policy revisions noted by MML on the Application and contained in the July 2, 1992 policy *** is simply not a material fact in this dispute." R&R at 12.

12. McGill objects to the finding in the R&R that "Since the July 2, 1992 policy unambiguously limits benefits to a five-year maximum, Plaintiff seeks to turn contract law on its head and boot strap his claimed failure to accept MML's counter-offer into an acceptance by MML of his proposed terms of insurance. Plaintiff's argument fails as a matter of fact and law." R&R at 12.

13. McGill objects to the finding in the R&R that "it is irrelevant in this dispute whether Plaintiff actually accepted the policy as proposed by MML. Plaintiff attempts to leap from his failure to accept MML's counter-offer to a contract between himself and MML on the terms for which he applied, i.e., age sixty-five disability coverage. There is simply no evidence in the record that MML ever accepted Plaintiff's application for disability insurance through age sixty-five. Rather, the evidence conclusively establishes that MML rejected that application or offer, and made a counter-offer to Plaintiff after reviewing medical information obtained during the underwriting process. Regardless of whether Plaintiff accepted MML's counter-offer, the bottom-line is that there is no basis under Virginia law to construe these facts as suggested by Plaintiff." R&R at 13.

14. McGill objects to the finding in the R&R that "Plaintiff cites no Virginia law supporting his position that MML is bound to give him the policy applied for because he never accepted the changes proposed by MML in its counter-offer. Further, Plaintiff cites no Virginia law holding that either MML's alleged failure to properly deliver the policy to him or the assurances allegedly made by Johnson that his policy was issued "without a hitch" bound MML to accept Plaintiff's Application as offered by him." R&R at 13.

15. McGill objects to the finding in the R&R that "the documents do not support Plaintiff's position." R&R at 13.

16. McGill objects to the finding in the R&R that "MML has met its burden under Fed. R. Civ. P. 56(c) of establishing that it is entitled to a judgment in its favor as a matter of law." R&R at 14.

**Plaintiff John L. McGill respectfully requests oral argument of these Objections at a date, time, and place to be determined by the Court.**

Dated: February 1, 2007

Respectfully Submitted:

*Counsel for Plaintiff*

By: **/s/ Alan J. Pierce**
Alan J. Pierce, Esq.

HANCOCK & ESTABROOK LLP
1500 Tower I, P.O. Box 4976
Syracuse, New York 13221-4976
Tel: (315) 471-3151

COIA & LEPORE
Jessica L. Basso, Esq.
226 South Main Street
Providence, RI 02903
Tel: (401) 751-5522