UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN L. MCGILL, | ) | |
| Plaintiff | ) | C.A. No. 05-0481/S |
| | ) | |
| vs. | ) | |
| | ) | |
| MINNESOTA MUTUAL LIFE INS. CO., | ) | |
| Defendant | ) | |

**MEMORANDUM OF LAW OF DEFENDANT, THE MINNESOTA LIFE INSURANCE COMPANY,[1] IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I. PRELIMINARY STATEMENT

Plaintiff has raised numerous objections to Magistrate Almond's well supported Report and Recommendations that defendant's Motion for Summary Judgment be granted. Plaintiff's objections essentially fall into three categories.

First, plaintiff contends that there is a "material" question of fact as to whether the plaintiff accepted Minnesota Life's policy providing a limited five (5) year benefit period, and whether Minnesota Life accepted plaintiff's offer to purchase disability insurance which provided benefits payable for an unlimited period of time through plaintiff's attainment of age 65.

Second, plaintiff contends that the policy at issue violates a Virginia statute requiring the policy to include a notice to the insured of the right to return the policy within ten (10) days of receipt, and a second statute that forbids "alteration" of an insured's written application, except upon the written consent of the insured.

---

[1] The Minnesota Life Insurance Company is incorrectly designated in the caption as "Minnesota Mutual Life Insurance Company."

773142_2

Third, plaintiff argues that the policy is ambiguous because the Application sought coverage which provided benefits payable for an unlimited period of time through plaintiff's attainment of age 65, but the policy which Minnesota Life issued provides only a limited five year benefit period, and such ambiguity must be resolved in favor of the insured to require the insurer to provide the coverage demanded by the applicant, but which the insurer declined to provide.

In advancing the Objections to the Report and Recommendations, plaintiff ignores controlling Virginia precedent, actively misrepresents the policy language to the Court, and grasps at extra-jurisdictional authority which is wholly inapplicable to the undisputed facts underlying this litigation. As plaintiff has failed to elicit any valid basis for this Honorable Court to reject the Report and Recommendations of the Magistrate Judge, plaintiff's Objections should be overruled, and summary judgment entered in favor of the defendant.

## II. ARGUMENT

### A. Plaintiff's Misrepresentation of the Policy Terms

Plaintiff's argument in chief, that defendant has violated Virginia Code §38.2-3501, because the policy does not provide written notice of what is referred to in the industry as a "free look" period fails because the policy not only meets, but exceeds what is required by Virginia law. Further, Virginia Code §38.2-3501 refers only to the powers of the Virginia Insurance Commission to approve or withdraw approval of policy forms. The proper citation to the Virginia statute mandating a ten (10) day "free look" period is §38.2-3502. True copies of the said statutes are attached hereto and collectively marked as Exhibit "A." That being said, the policy is endorsed on the front cover with the following Notice:

> **Notice of your right to examine this policy for 15 days.**
>
> It is important to us that you are satisfied with this policy. If you are not satisfied, you may return the policy to us or to your agent within 15 days of its receipt, and you will receive a full refund of any premiums you have paid within 10 days of the date we receive your notice of cancellation.

*See* Policy, Exhibit "D" to the defendant's Statement of Undisputed Facts, cover page, lower right hand corner.[2]

Thus, plaintiff's argument that the policy is in violation of §38.2-3502, such that the policy must be reformed to provide plaintiff with benefits which defendant declined to offer, must be rejected by the Court in its entirety.

**B. <u>Virginia Law Does Not Require Physical Delivery of the Policy</u>**

Plaintiff's argument in favor of reformation of the policy ignores controlling precedent providing that Virginia law does not require actual physical delivery of the policy upon an insured. In *Pennsylvania Threshermen & Farmers Mut. Cas. Ins. Co. v. Carter,* 91 S.E.2d 429, 197 Va. 776 (1956), the Virginia Supreme Court ruled that physical delivery of a policy is not essential to its validity. The Virginia Supreme Court has also held that if an insurer mails a contract of insurance to its agent for unconditional delivery to the insured, delivery is effective when the policy is deposited in the mail. *Rose v. Travelers Indem. Co.,* 167 S.E.2d 339, 209 Va. 755 (1969) (relying on , *inter alia,* 44 C.J.S. Insurance §265(a)(3), pp. 1060, 1061; 43 Am. Jur. 2d, Insurance, §24, p.84).

Plaintiff does not, and indeed cannot, cite to any Virginia authority favoring the proposition that the failure of the insurer to place the policy directly into the hands of the insured warrants reformation of the policy. Moreover, plaintiff's argument that the policy should be

[2] Minnesota Life recognizes that the quality of the copy of the policy (issued in 1992) available to it, and as attached as Exhibit "D" to the Statement of Undisputed Facts is poor. However, the original of the policy is within the possession and control of the plaintiff.

reformed begs the question of whether plaintiff is entitled to seek reformation where plaintiff has conceded that the only cause of action which survives the expiration of the limitations periods is for breach of contract under Virginia law, and that only if the policy is not governed by ERISA. Indeed, examining the record which plaintiff claims supports his position that the policy was not properly delivered to the insured, but was delivered to the employer[3], without protest by the plaintiff from the 1992 Application date until the onset of litigation, supports only one conclusion: the policy is part of an employer provided benefits plan, thus subject to ERISA. *See* policy language manifesting that the policy was issued for an employee group quoted at n. 5, *infra.* By plaintiff's own admission, if the policy is governed by ERISA, his claims are time barred.

As there is no requirement under Virginia law that defendant assure that the policy was physically delivered to the plaintiff, and the record on which plaintiff relies to support his claim of non-delivery leads inexorably to the conclusion that his claims are time-barred by ERISA, plaintiff's objections to the Magistrate's Report and Recommendations should be overruled.

### C. <u>Plaintiff Cannot Use the Application to Create an "Ambiguity"</u>

Plaintiff asserts that the Court must find an ambiguity in the policy because the Application, seeking coverage including benefits payable for an unlimited period of time through plaintiff's attainment of age sixty-five (65), is attached to the policy; this disregards the fact that the policy which Minnesota Life issued provides only a limited five (5) year benefit period. Plaintiff argues that such purported "ambiguity" must be resolved in favor of the insured to reform the policy to provide the benefits for which plaintiff applied. This position can not be reconciled with controlling Virginia authority defining what an Application for coverage constitutes, or what ambiguous policy language is as a matter of law.

---

[3] The employer also paid the premiums for the policy. Statement of Undisputed Facts at ¶ 14.

1. **Virginia Law Defining the Role of the Application**

The Virginia Supreme Court has stated that an Application for insurance is a mere proposal for a contract, and is one of two pre-requisites in the creation of a contract, the other being the acceptance of the offer. *Hayes v. Durham Life Ins. Co.*, 96 S.E.2d. 109, 198 Va. 670, 672-73 (1957). Plaintiff asserts that the record does not reflect whether defendant accepted or rejected plaintiff's Application, but this assertion is meritless. The fact that the policy was issued with a limited benefit period is proof of record of defendant's rejection of plaintiff's Application for benefits payable for an unlimited period of time through age sixty-five (65).

Moreover, in order to accept plaintiff's position that the carrier is *bound* to provide insurance precisely matching the insurance requested in the application merely because the application is made part of the policy, ignores the reality of the underwriting process. Once a carrier receives an application, it must investigate the information contained therein to determine whether and on what terms it will issue coverage. 1 *The Law of Life and Health Insurance* 3-1 and §3.01[1]. Underwriters do not always make "yes" or "no" decisions as to whether to insure. Frequently, the response to an application is to insure only a part of a risk, as was done here, by limiting the payable benefits to a five year period of disability. *Id.* at §3.01[4]. For a carrier to be obliged to provide the coverage requested in the application simply because the application is attached to the resulting policy would circumvent the entire underwriting process, and compel insurers to determine whether and on what terms coverage may reasonably be offered in advance of the prospective insured submitting an application. This would be an absurd result, and a result which is neither contemplated nor sanctioned by Virginia law. The United States Court of Appeals for the Fourth Circuit has addressed the issue of the denial of a claim against a policy with terms differing from the application where the plaintiff/beneficiary asserted that had the policy been issued as applied for, the claim would have come within the scope of coverage.

*Progressive Enter. v. New England Mut. L. Ins. Co.*, 538 F.2d 1057 (4th Cir. 1976). The Circuit Court observed that the Virginia Supreme Court's decision in *Hayes, supra.*, was controlling and fatal to the plaintiff's cause of action. *Progressive Entertainment*, 538 F.2d at 1060.

The United States District Court for the Western District of Virginia has held that an insurer is under no duty to write insurance for any particular applicant, as the insurer is at liberty to choose its own risks, and the choice of whom to accept, and who to reject, is a purely voluntary decision for the insurer. *Wright v. Pilot Life Ins. Co.*, 254 F. Supp. 1018 (W.D. Va. 1966) (interpreting a claim arising under North Carolina law, but relying for authority on, *inter alia, Hayes, supra*), *rev'd on procedural grounds, remanded for trial on the issue of the insurability of the applicant*, 379 F.2d 409. In *Wright*, the Court further observed that an application does not constitute a contract of insurance, and an insurer is entitled to a reasonable time to investigate risk. For this Court to accept plaintiff's argument, it must reject the holdings of the state and federal courts of Virginia establishing the role of the application in the formation of an insurance contract, and a carrier's right to evaluate risk upon receipt of an application.

In *Wright, supra,* the district court also recognized that for a contract of insurance to form, there must be an acceptance of the application. In keeping with this principle, defendant's rejection of the plaintiff's Application, as manifested by the issuance of a policy which does not provide the coverage requested by the plaintiff, in the context of plaintiff's declaration that he would have refused the coverage offered by defendant[4], results in no coverage. *See* 10A *Michie's Jurisprudence of Virginia and West Virginia* §20, relying on, *Burgess v. Charlottesville Sav. & Loan Ass'n.*, 349 F.Supp. 133 (W.D.Va. 1972), *remanded on other grounds*, 477 F.2d 40 (4th Cir. 1973). Such a result necessitates that plaintiff repay to defendant the full five (5) years of benefits he received, with interest, and defendant return to Interflex, plaintiff's former employer, the premiums it paid, with interest.

The same result portends if, as plaintiff asserts, he did not accept the coverage counter-offered by defendant after it completed its underwriting of plaintiff's Application. That being said, however, Virginia law provides for acceptance by implication. *Aetna Cas. & Sur. Co. v. Harris,* 239 S.E.2d 84, 86, 218 Va. 571 (1977). Here, plaintiff impliedly accepted the coverage offered by making a claim for benefits, and accepting such benefits without reservation. Although plaintiff attempts to subvert the legal impact of his acceptance of benefits by asserting that he did not have an opportunity to reject the coverage until after he had become disabled, this position is not supported by the record.

Plaintiff admitted at deposition that he took physical possession of the policy in October, 1995, when he found it in the office of the wife of the Chairman of Interflex, while sneaking through papers he hoped would support claims against Interflex in shareholder litigation, once he learned that he was to be terminated. *See* Statement of Undisputed Facts at ¶ 9. On November 30, 1995, plaintiff was terminated from his position as President of Interflex. Statement of Undisputed Facts at ¶ 10. The onset of plaintiff's disability did nor occur until December 1, 1995. *See* Attending Physician's Statement of Disability, a true copy of which is attached hereto and marked as Exhibit "B." Hence, plaintiff had more than thirty (30) days prior to the onset of disability to reject the coverage. Moreover, plaintiff has not, and cannot, present any evidence that he could have obtained disability coverage from any carrier on any terms more favorable than those offered as part of the "keyman" coverage provided by Interflex for its senior executives.[5] Therefore, even if plaintiff could establish that he rejected the policy as issued, such rejection supports neither his claim for breach of contract, nor his demand for reformation of the policy. Likewise, plaintiff's purported rejection of the policy does not support the conclusion that the plaintiff has been damaged because, hypothetically, some other carrier might have

---

[4] Declaration of Plaintiff, John L. McGill, at ¶12.

offered him more coverage, whether in 1992, 1995, or at any other time. Plaintiff has not developed any evidence that such coverage would have been available to him from any source.

**2. Virginia Law Defining Ambiguity in an Insurance Policy**

Under Virginia law, the question of ambiguity is a legal question to be determined by the court. *Nehi Bottling v. All-American Bottling,* 8 F.3d 157 (4th Cir. 1993). Ambiguity is determined from the face of the policy, and exists only if language used may be understood in more than one way, or when it refers to two or more things at the same time. *Gates, Hudson & Assocs., Inc. v. Federal Ins. Co.*, 141 F.3d 500. The policy states plainly "MAXIMUM BENEFIT PERIOD FOR DISABILITY: FIVE YEARS" *See* Policy, Exhibit "D" to the Statement of Uncontested Facts, at p. 1A. There is no other reference to the "MAXIMUM BENEFIT PERIOD" anywhere in the policy, and there are no "two equally fair interpretations" of this policy language such as would render the policy ambiguous. *Aktinson Dredging Co. v. St. Paul Fire & Marine Ins. Co.*, 836 F.Supp. 341 (E.D.Va. 1993). Accordingly, plaintiff's Objections on the grounds that the Application creates an ambiguity in the policy language fails, and the Objections should be overruled.

**D. The Purported Alteration of the Application**

Plaintiff also demands that the Court sustain its objections on the basis that defendant improperly altered the Application, in violation of Virginia Code §38.2-3511, because notes made by the Underwriter in the section of the Application designated "**FOR HOME OFFICE USE ONLY"** constituted a material change in coverage for which §38.2-3511 requires the plaintiff's written consent.

Plaintiff's reading of §38.2-3511 neglects to mention that the statute does not forbid the Underwriter's notes from being placed on the policy. The statute states, in relevant part:

[5] The policy states: PREMIUMS SHOWN ARE BASED ON A REDUCED EMPLOYEE GROUP – PREFERRED OCCUPATION RATE. Policy, Exhibit "D" to the Statement of Uncontested Facts, at p. 1A.

> B. . . .insertions may be made by the insurer, for administrative purposes only, in a manner indicating clearly that such insertions are not to be ascribed to the applicant.

Virginia Code §38.2-3511.

As the area on the Application where the Underwriter's notes were inserted is conspicuously designated as **"FOR HOME OFFICE USE ONLY,"** defendant has not run afoul of §38.2-3511. Further, the Underwriter's notes do not make a material change in coverage. On the contrary, the Underwriter's notes track the limited coverage set forth on page 1A of the policy ("MAXIMUM BENEFIT PERIOD FOR DISABILITY: FIVE YEARS"), as follows:

> 50% premium increase
> Base Benefit Period. 5yrs
> Guaranteed Increase Agreement Plan Omitted
> Plan of Coverage Own Occupation Insurance Policy 5 years own occupation period

Plaintiff's attempt to torture the Home Office Corrections or Additions section of the Application into an illicit "alteration" of the Application, or an ambiguity of policy language, either of which purportedly warrant reformation of the policy to expand the period for which benefits are payable must fail.[6, 7] The plain language of §38.2-3511 does not lend itself to the plaintiff's interpretation. Nor can the presence of the Underwriter's notes render the policy language ambiguous. Accordingly, the plaintiff's Objections to the Magistrate's Report and Recommendations must be overruled.

### E. <u>Plaintiff's Mis-Reliance on Pennsylvania Decisional Authority</u>

Having found no Virginia authority to support plaintiff's contention that defendant improperly frustrated his reasonable expectations of coverage by not obtaining his written

---

[6] The state courts of New Jersey have addressed the issue of whether an agent's notes made in the portion of the application headed "Correction and Amendment (For Home Office Use Only)" violate New Jersey's statute prohibiting alterations to a prospective insured's application for coverage. The court firmly rejected the proposition that notes so made constitute a violation of the statute. *The Law of Life and Health Insurance, supra,* at §3.02[4], citing *Daly v. Paul Revere Variable Annuity Ins. Co.,* 199 N.J. Super. 584, 489 A.2d 1279 (1984).

consent to the issuance of a policy with a five (5) year limitation on the payment of benefits, plaintiff urges this court to rely on the decision of the United States District Court for the Eastern District of Pennsylvania in *Benevento v. Life USA Holding, Inc.*, 61 F.Supp.2d 407 (E.D. Pa. 1999), as authority for such proposition, However, plaintiff can cite to no Virginia authority whatsoever to show that the Virginia Supreme Court would adopt the holdings in *Benevento* to require defendant to provide plaintiff with the coverage he demands. Such adoption is unlikely where the even the Supreme Court of Pennsylvania has not adopted the holding in *Benevento* to any factual scenario even remotely similar to the plaintiff's claims in this litigation. Indeed, the District Court in *Benevento* relied on the decision of the Pennsylvania Supreme Court in *Tonkovic v. State Farm Mut. Auto. Ins. Co.*, 513 Pa. 445, 521 A.2d 920 (1987). The principles articulated in *Tonkovic* have only been applied to cases in which an individual applies and pre-pays for specific insurance coverage, paying the full annual premium in advance. The *Tonkovic* decision has never been applied in Pennsylvania, or elsewhere, to the situation at bar, where an employer purchased a policy insuring an individual as part of a program of keyman disability coverage for its senior executives. Accordingly, the holding in *Tonkovic*, and, correspondingly, that of *Benevento,* is wholly inapplicable to the issues here presented.

## III. CONCLUSION

For the foregoing reasons, plaintiff's Objections to the Report and Recommendations of the Magistrate should be overruled, defendant's Motion for Summary Judgment granted, and plaintiff's Complaint dismissed, with prejudice.

[7] The Louisiana Court of Appeals has likewise rejected the proposition that the issuance of a policy at variance with the coverage applied for constitutes a prohibited alteration of the policy. *Id.*, citing, *Louisiana Commercial Bank v. Georgia International Life Ins. Co.*, 618 So.2d 1091 (La. Ct. App. 1993).

/s/ Timothy M. Bliss
Brooks R. Magratten, Esq., #3585
bmagratten@vetterandwhite.com
Timothy M. Bliss, Esq., #6228
tbliss@vetterandwhite.com
VETTER & WHITE
Attorneys for Defendant Minnesota Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

HARVEY ♦ PENNINGTON LTD.

Melissa Lang /(TMB)
Melissa Lang
Ron L. Woodman
1835 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 575-4168
(215) 568-1044 FAX

Dated: February 12, 2007

## CERTIFICATE OF SERVICE

To:

Alan J. Pierce, Esq.
Hancock & Estabrook, LLP
1500 MONY Tower I
P.O. Box 4976
Syracuse, NY 13221-4976

Jessica Basso, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909

I hereby certify that I electronically filed the within memorandum on February 12, 2007. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-listed counsel of record has been effectuated by electronic means.

/s/ Timothy M. Bliss