UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN L. MCGILL,<br><br>Plaintiff,<br><br>v.<br><br>MINNESOTA MUTUAL LIFE INS. CO.,<br><br>Defendant. | C.A. No. 05-0481/S |

**MOTION FOR RECONSIDERATION, RELIEF OR AMENDMENT OF ORDER AND JUDGMENT OF PLAINTIFF JOHN L. MCGILL**

Plaintiff, John L. McGill ("McGill") moves pursuant to Fed. R. Civ. P. 59 and 60 for reconsideration, amendment and/or relief from this Court's Order entered October 2, 2007 and the Judgment of this Court entered October 3, 2007.

Defendant files herewith a supporting Memorandum of Law.

Dated: October 17, 2007

*Counsel for Plaintiff*

HANCOCK & ESTABROOK LLP
Alan J. Pierce, Esq.
1500 AXA Tower I
100 Madison St.
Syracuse, New York 13202
Tel: (315) 471-3151

By: **/s/ Jessica L. Basso**
Jessica L. Basso, Esq.

303 Jefferson Blvd.
Warwick, RI 02888
Tel: (401) 921-4800

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the within Motion for Reconsideration of Plaintiff John L. McGill on October 17, 2007. The Motion for Reconsideration of Plaintiff John L. McGill is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the following counsel of record has been effectuated by electronic means:

Timothy M. Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

I further certify that I served the within Motion for Reconsideration of Plaintiff John L. McGill on October 17, 2007 by US Mail upon the following counsel of record:

Melissa Lang, Esq.
Harvey Pennington, Ltd.
1835 Market Street
Philadelphia, PA 19103

/s/ **Alan J. Pierce**
Alan J. Pierce

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN L. MCGILL,

Plaintiff, : C.A. No. 05-0481/S

v.

MINNESOTA MUTUAL LIFE INS. CO.,

Defendant.

**MEMORANDUM OF LAW OF PLAINTIFF, JOHN L. MCGILL, IN SUPPORT OF HIS MOTION FOR RECONSIDERATION, RELIEF OR AMENDMENT OF ORDER AND JUDGMENT[1]**

## I. ARGUMENT

By Order entered on October 2, 2007 this Court accepted the Report and Recommendation ("R&R") of Magistrate Judge Lincoln Almond dated January 18, 2007 and granted the motion for summary judgment of Defendant Minnesota Mutual Life Insurance Company ("MML"). In this Order, this Court wrote that "[i]n its Objection, Plaintiff's counsel argued, for the first time, that certain statutory provisions of Virginia law are applicable to this matter, and even dispositive of the central issues at hand. However, because Plaintiff did not raise this issue before the magistrate judge, the argument is deemed waived." Order at 1.

1 This motion is timely filed and served pursuant to the 10 day rule of Fed. R. Civ. P. 59 and 60 and Fed R. Civ. P. 6 (a), which provides that "[w]hen the period of time prescribed or allowed [by these rules, by the local rules of any district court, by order of court, or by any applicable statute] is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation," and legal holidays include Columbus Day, which in 2007 was on October 8, 2007.

Judgment was entered in favor of MML and against Plaintiff John L. McGill ("McGill") on October 3, 2007 pursuant to the Order.

McGill now moves for reconsideration, amendment and/or relief from the Order and Judgment pursuant to Fed. R. Civ. P. 59 and 60 on the sole grounds that there was no waiver by McGill of reliance on any statutes of the Commonwealth of Virginia. This Court is obligated under applicable Federal law to take judicial notice of the laws, statutory and common law, of any state in the United States and, in this case, the parties agree that the substantive law of Virginia applies to this breach of contract action making the laws – statutory and otherwise – of Virginia not only relevant but dispositive of the substantive claims in this case.

In our Objections to the R&R, we cited several Virginia statutes (Va. Code Ann. §§ 38.2-3511(B); 38.2-318, and 38.2-319) which we admitted were not cited to the Magistrate Judge because counsel was not aware of these statutes until finding them after the R&R was issued. McGill argued before the Magistrate in opposition to MML's motion for summary judgment that the changes made by MML in the HOME OFFICE portion of McGill's Application in material policy terms (e.g., benefit period changed from to age 65 to 5 years) did not become part of the Policy (which includes the Application) or, at the very least, there was a question of fact whether they became part of the contract between the parties. We made the same argument in our Objections, but supported our argument with these newly discovered Virginia statutes.

As the First Circuit stated in *Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312 (1st Cir. 2004)

> Generally, in the federal system, "[t]he law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice without plea or proof."

*Id.* at 320, *quoting Lamar v. Micou*, 114 U.S. 218, 223, 5 S.Ct. 857 (1885); *see Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99, 111 S.Ct. 1711 (1991); *White v. Gittens*, 121 F.3d 803, 805 n.1 (1st Cir.1997); *Torchia v. State of Fla., Office of Financial Regulation*, 2005 WL 2007105 at *3, n.4 (N.D.Fla. 2005) (taking judicial notice of a state statute passed after Defendant's motion to dismiss was filed over Plaintiff's objection).

In his concurring opinion in *Getty* discussing and explaining judicial notice of law as distinguished from judicial notice of facts, Judge Lipez wrote that "[j]udicial notice of law is the name given to the commonsense doctrine that the rules of evidence governing admissibility and proof of documents generally do not make sense to apply to statutes or judicial opinions – which are technically documents – because they are presented to the court as law, not to the jury as evidence. *See* John W. Strong, McCormick on Evidence § 335 (5th ed. 1999)." 391 F.3d at 322. He also noted that Federal courts must take judicial notice of state statutes as distinguished from local ordinances because " 'state statutes are compiled, published and distributed by recognized professional entities who must vouch for the integrity of their product and thus they are likely accurate, readily ascertainable and available while such is often not the case with ordinances.' *Keyes v. Amundson*, 391 N.W.2d 602, 608 (N.D.1986)." 391 F.3d at 325.

We respectfully submit that the cases cited by this Court in its Order for the proposition that McGill waived reliance on these Virginia statutes are not applicable here because in each of those cases the party in question raised an entirely new argument on their objections to the magistrate judge's report and recommendation and did not provide the District Court with additional state statutes – which the District Court was required to take judicial notice of although raised for the first time on the objections – supporting their position as McGill did here.

Thus, in *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988), the Court found that the plaintiff's attempt to argue before the District Court on its objections to a Report and Recommendation that it was a third-party beneficiary of a contract Mass Electric and Bechtel and, as such, entitled to sue for an alleged breach thereof was waived because it was not plead and was not presented to the Magistrate Judge. *Id.* at 990. Thus, the Court held that "an unsuccessful party is not entitled as of right to de novo review by the judge of an **argument never seasonably raised before the magistrate**," as distinguished from new authority supporting an argument made to the Magistrate Judge. *Id.* at 990-991 (emphasis supplied).

Similarly, in *Borden v. Secretary of Health and Human Servs.*, 836 F.2d 4 (1st Cir. 1987), the plaintiff sought disability benefits and an ALJ made certain findings against the plaintiff which he challenged in the action. Notably, the First Circuit wrote that

> Appellant did not contest the ALJ's findings on emotional stress before the magistrate. The magistrate ruled against appellant on the substantial evidence issue and appellant filed an objection in which he also raised, for the first time, the emotional stress issue. The district court refused to rule on this question, holding that it had been waived by failing to raise it before the magistrate. We agree.
>
> Appellant was entitled to a de novo review by the district court of the recommendations to which he objected, *** however he was not entitled to a de novo review of an argument never raised.

*Id.* at 6.

Finally, in *Fireman's Ins. Co. of Newark, N.J. v. Todesca Equipment Co., Inc.*, 310 F.3d 32 (1st Cir. 2002), the district court granted summary judgment to Fireman's, a surety who sought indemnification for certain payments the surety made on behalf of defendants-appellants, a group of affiliated construction companies and related individuals. Fireman's moved for

summary judgment, and defendants objected based solely upon a payment to one party, Coken. The motion was granted by the District Court based on the recommended ruling of the Magistrate Judge. The Court noted that "appellants were required to allege and prove fraud or collusion in order to avoid repayment of the claim paid by Fireman's." *Id.* at 37. However, the First Circuit held that "the first time that appellants alleged that Fireman's had committed fraud was in their objections to the magistrate judge's report, filed with the district court. As such, their arguments on this front must be deemed waived." *Id.* at 38.

In contrast to each of these cases, where **new arguments** were first raised in objections to a Magistrate Judge's report and recommendation, in this case McGill argued before both the Magistrate Judge and this Court that MML's changed benefit terms in the HOME OFFICE portion of the Application did not become a part of the contract (Policy and Application) entered into between himself and MML, and merely offered the Virginia statutes as **newly discovered authority** to support this argument on his objections.

## II. CONCLUSION

For the reasons stated herein, we respectfully request that this Court grant reconsideration or relief from or amend the Order and Judgment of this Court entered on October 2, 2007 and October 3, 2007 respectively and deny MML's motion for summary judgment, together with such other and further relief as to the Court seems just and equitable.

Dated: October 17, 2007

*Counsel for Plaintiff*

HANCOCK & ESTABROOK LLP
Alan J. Pierce, Esq.
1500 AXA Tower I
100 Madison St.
Syracuse, New York 13202
Tel: (315) 471-3151

By: **/s/ Jessica L. Basso**
Jessica L. Basso, Esq.

303 Jefferson Blvd.
Warwick, RI 02888
Tel: (401) 921-4800

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the within Motion for Reconsideration of Plaintiff John L. McGill on October 17, 2007. The Motion for Reconsideration of Plaintiff John L. McGill is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the following counsel of record has been effectuated by electronic means:

Timothy M. Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

I further certify that I served the within Motion for Reconsideration of Plaintiff John L. McGill on October 17, 2007 by US Mail upon the following counsel of record:

Melissa Lang, Esq.
Harvey Pennington, Ltd.
1835 Market Street
Philadelphia, PA 19103

/s/ **Alan J. Pierce**
Alan J. Pierce