UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN L. MCGILL,

Plaintiff

C.A. No. 05-0481/S

v.

MINNESOTA MUTUAL LIFE INS. CO.,

Defendant

**OBJECTION OF THE MINNESOTA LIFE INSURANCE COMPANY,[1] TO PLAINTIFF'S MOTION FOR RECONSIDERATION, RELIEF OR AMENDMENT OF ORDER AND JUDGMENT**

## I. PRELIMINARY STATEMENT

This Honorable Court accepted the Magistrate Judge's Report and Recommendation (hereinafter "R&R") that defendant's Motion for Summary Judgment be granted and ordered the Clerk to enter Judgment (hereinafter "Judgment"). Plaintiff, however, now seeks reconsideration of the Court's ruling. Plaintiff asserts that the Court erred in finding that plaintiff waived any argument he might have in support of his Objections to the R&R based on Virginia statutes not raised in argument before the Magistrate. The proffered grounds for reconsideration are that the Court is obliged to take judicial notice of the Virginia statutes on which he relies.

As discussed below, the obligation of a district court to take judicial notice of state statutes affects the evidentiary burden of the party introducing the statute. It does not absolve a party's obligation to bring statute-based arguments to the attention of the court in a

timely manner. As the record reflects that plaintiff failed to bring his arguments based on Va. Code Annotated §§38.2-3511(B); 38.2-318 and 38.2-319 before the Magistrate Judge, this Honorable Court correctly rejected such arguments as untimely. Therefore, there is no valid basis on which reconsideration of the judgment might be granted.

## II. THE RECORD BEFORE THE COURT

The record is clear that plaintiff had knowledge that he might have a statute-based argument arising under Virginia law at some point prior to the oral argument on the defendant's Motion for Summary Judgment. At the oral argument on summary judgment, the following transpired:

> **By defense counsel:** [Plaintiff's] [c]ounsel handed to me a section of Virginia code when he came into the [court]room which apparently he intends to argue today. I would just ask the Court's indulgence since I don't know what the context of that argument is going to be that I can address it in rebuttal.
>
> **By Magistrate Judge Almond:** Yup. I'll give you an opportunity to rebut.[2]
>
> • * *
>
> **By plaintiff's counsel:** [Defense counsel] mentioned that when I came in today I gave her a copy of a Virginia statute that I did not have. I have a copy for the Court if you'd like it.
>
> **By Magistrate Judge Almond:** Yes. Why don't you come forward, you can present it to my clerk. Why don't we identify this as - - Mr. Pierce, your declaration had attached to it 24 exhibits. Why don't we call this Plaintiff's Exhibit 25. Am I right? Is that your last exhibit, 24?
>
> **By plaintiff's counsel:** Yes, your Honor.
>
> **By Magistrate Judge Almond:** All right. You have a copy of this [defense counsel]?

---

1 The Minnesota Life Insurance Company is incorrectly designated in the caption as "Minnesota Mutual Life Insurance Company."

2 Transcript, December 21, 2006, p. 20, lines 11 – 18; true copies of the cited pages of the transcript are attached hereto as Exhibit "A".

**By defense counsel:** Yes, I do, your Honor.

**By Magistrate Judge Almond:** All right. I've just been handed what is identified as Plaintiff's Exhibit 25 as Section 38.2-3502 of the Virginia Code. All right.

Transcript, December 21, 2006, p. 26, lines 18 – 25; p. 27, lines 1 - 8.

Although plaintiff argued to the Magistrate Judge how he believed §38.2-3502 of the Virginia Code supported plaintiff's claims for breach of contract, plaintiff did not raise, argue, or otherwise refer to the other sections of the Virginia Code, §§38.2-3511(B); 38.2-318 and 38.2-319, on which plaintiff based his Objections to the R&R. *See*, Transcript, December 21, 2006, *passim*. Moreover, plaintiff had a post-argument opportunity to bring those sections of the Virginia Code which he believed to be relevant to the disposition of the claim for breach of contract to the Magistrate Judge's attention when the court permitted plaintiff's counsel to docket a letter brief on January 16, 2007. Plaintiff, however, made no mention of §§38.2-3511(B); 38.2-318 and 38.2-319 in his letter brief, a true copy of which is attached hereto as Exhibit "B".

Given that §38.2-3511(B) of the Virginia Code is but a few pages away in the volume in which §38.2-3502 is published, it is difficult to understand how plaintiff's counsel failed to note the existence of that section of the Virginia Code which he belatedly claims is crucial to the proper disposition of plaintiff's claim for breach of contract on the merits. Once plaintiff determined that he had a statute-based argument to make—which he did not address in the pre-oral argument briefing of the summary judgment issues—plaintiff was free to request that the court defer oral argument and re-open the briefing to address same. Instead, plaintiff elected to offer one section of the Virginia Code at oral argument. Plaintiff then presented other Virginia statutes for the first time in his Memorandum of Law in Support of the Objections to the R&R. *See*, Memorandum of Law in Support of Plaintiff John L. McGill's Objections to

Magistrate Judge Almond's Report and Recommendation to Grant Defendant's Motion for Summary Judgment at p. 15, n. 10 ("We did not locate this statute until after the receipt of the R&R. . . .").

In his Motion for Reconsideration, plaintiff does not try to argue excusable neglect for such failure,[3] but advances only that ". . . there was no waiver by McGill of reliance on any statutes of the Commonwealth of Virginia. This Court is obligated under applicable Federal law to take judicial notice of the laws, statutory and common law, of any state in the United States and, in this case, . . . the substantive law of Virginia . . . [is] not only relevant but dispositive of the substantive claims in this case." *Id.,* at p. 4. However, plaintiff's argument in this regard is misplaced, as the obligation to take judicial notice relates to the bringing of statutory authority before the Court without the need for authentication, not to a party's obligation to make timely arguments.

That being said, even if the Court were to consider the statute-based arguments not raised before the Magistrate Judge, no part of the Virginia Code (either cited or not by plaintiff at any time during these proceedings) provides any authority for plaintiff's position. Accordingly, plaintiff's Motion for Reconsideration should be denied with prejudice.

## III. ARGUMENT

### A. Judicial Notice Issues

Plaintiff relies primarily on the First Circuit opinion in *Getty Petroleum Marketing, Inc., et al. v. Capital Terminal Company, et al.*, 391 F.3d 312 (2004). There, the Court of Appeals held that, generally, in the federal system, the law of any state of the union is a matter of which the Courts of the United States are bound to take judicial notice without plea or

proof. *Id.*, at 320, relying on *Lamar v. Micou*, 114 U.S. 218, 223 (1885). However, this principal is elicited in the context of Federal Rule of Evidence 201. *Id.*, at 322. The Opinion quotes John W. Strong, *McCormick on Evidence* §335 (5th Ed. 1999) to give context to the principal, as follows:

> The heavy-footed common law system of proof by witnesses and authenticated documents is too slow and cumbrous for the judge's task of finding what the applicable law is.

Hence, judicial notice of law is outside the governance of Fed. R. Evid. 201, because the manner in which law is fed into the judicial process is never a proper concern of the Rules of Evidence but rather of the Rules of Procedure. *Id.*, quoting *White v. Gittens*, 121 F.3d 803, 805 n.1, at note 14. In *Getty*, Judge Lipez, in his concurring opinion, further noted:

> As a practical matter, in most cases, this law-gathering process flows smoothly without invoking the machinery of judicial notice because there is usually no doubt about what the law actually says. . . . what the law means, of course, is often disputed.

*Id.* at 324 and note 18.

In addition, the concurring opinion in *Getty*, recognized that it is necessary for the litigant to submit the law which is believed to be dispositive of a claim on the merits:

> Where documents that establish the relevant law are readily available by ordinary legal research from a citation provided by a party, or copies of the relevant documents are actually submitted, the Court would be authorized, in my view, and in most cases required, to take judicial notice of that law, whether it is found in statutes, regulations, executive orders, ordinances, so-called "private" laws, charters, privately developed standards adopted into law, or comparable documents.
>
> . . . .
>
> The Advisory Committee explained that, while the court "may engage in its own research and consider any relevant material thus

[3] Defendant does not acknowledge that an assertion of "excusable neglect" would be a valid argument for reconsideration of the Judgment, but raises same only in juxtaposition of plaintiff's argument that his failure to bring all sections of the Virginia Code on which he relies before the Court timely should be excused.

> found, " it is also "free to insist on a complete presentation by counsel."

*Id.* at 325-326 and note 20 quoting Fed. R. Civ. P. 44.1 Advisory Committee's Note.

Here, the Court properly insisted on a complete and timely presentation of all Virginia statutory authority on which plaintiff relies to support his one remaining claim, for breach of contract.[4] Again, quoting *McCormick on Evidence* §335, the concurring opinion in *Getty* adopted the principal that "[t]he tendency is towards permitting the judges to do what perhaps they should have done in the beginning, that is, to rely on the diligence of counsel to provide the necessary material and accordingly to take judicial notice of *all* law. This seems to be the goal toward which the practice is marching. *Getty*, *supra*, at 329 (emphasis in original). Furthermore, "A simple citation will almost suffice" so that applicable law is placed into a case via the mechanism of judicial notice of law, not proof to the jury. *Id.* at 330. The concurring opinion goes on to state that when a litigant has submitted material to the Court (and to opposing parties) that effectively makes the judicial notice of law request, and where the material is readily available or actually submitted in full to the Court, the litigant need not formally request judicial notice of law; as the submission of a readily retrievable citation, or copies of the relevant documents, ought to suffice. *Id.* at 333, *relying on*, *inter alia*, *Department of Highways v. Halvorson*, 288 Minn. 424,181 N.W. 2d 473, 476 (Minn. 1970). The concurring opinion concludes:

> Parties generally must identify the law that is essential to their case. No formal request for judicial notice of law need be made,

[4] The parties agree that plaintiff's only remaining claim is for breach of contract. Therefore, even if plaintiff had timely presented all Virginia statutory authority on which he relies in support of his claim, he has not identified, in any cogent respect, how such statutes may be construed so as to warrant a finding that the defendant breached the contract of insurance resulting in damages to the plaintiff. As defense counsel noted at oral argument before the Magistrate Judge on the summary judgment issues, the one code section which plaintiff did argue before the Magistrate Judge does not expand contract benefits. Indeed, plaintiff's counsel is trying to bootstrap a time-barred negligence claim based on an alleged violation of a statute onto a claim for breach of contract. *See*, Transcript, Exhibit "A" hereto, at p. 43, l. 21-25; pp. 44-46.

> but the relevant law must be provided to the court in a meaningful form. Where this law can be readily retrieved from a simple citation, providing that citation to the Court will usually suffice. Where the law is difficult to obtain, the proponent must physically provide the Court with a copy.

*Id.* at 333-334.

Clearly, the concept of judicial notice, which plaintiff urges the Court merits reconsideration of entry of summary judgment in favor of the defense, is inapplicable given the procedural status of this litigation. Here, plaintiff failed in his duty to identify law which he claims is essential to his case. Plaintiff admits that he failed to do so when briefing and arguing summary judgment issues before the Magistrate Judge. Accordingly, the principal of judicial notice is not violated by the Court's election to reject the untimely arguments made based on Virginia statutory authority not cited for the Court prior to the briefing on the objections to the Magistrate Judge's R&R. Therefore, reconsideration is not necessary or appropriate, and the plaintiff's motion should be denied. *See, e.g., Chrabaszcz v. Johnson Sch. Comm.*, 2006 WL 858097 (D.R.I. 2006) (Smith, J.).

**B. <u>Plaintiff Cites To Inapposite Authority</u>**

Although plaintiff principally relies on *Getty Petroleum*, he also cites a number of opinions which appear to have no relation whatsoever to the argument advanced. Plaintiff cites *White v. Gittens*, 121 F.3d 803 (1st Cir. 1997), in which the Court held that a convict's suit claim for depravation of due process rights was not cognizable under 42 U.S.C. §1983 because plaintiff failed to prove that either his conviction or his sentence had been reversed, expunged, declared invalid or called into question by a federal writ. Although in the first footnote of the opinion, the Court quoted *Lamar v. Micou* and a Seventh Circuit case concerning the general principal of judicial notice, the *White* Court does not address whether a Court has an obligation to take judicial notice of a statute which was not timely argued or cited.

Plaintiff also cites *Torchia v. State of Florida*, 168 Fed. Appx. 922; 2006 WL 460907, an unpublished opinion. The *Torchia* Court, however, does not address whether the Court is required to take judicial notice of statutory authority which has not been timely cited to it. Instead, the Court in *Torchia* addresses the Rooker-Feldman doctrine, pursuant to which federal district courts are jurisdictionally barred from review of state court decisions.

Plaintiff also cites *Patterson-Leitch Co., Inc. v. Massachusetts Wholesale Elec. Co.*, et al., 840 F 2d 985 (1st Cir. 1988) and suggests that although an unsuccessful party is not entitled as a right to a *de novo* review by the judge of an argument never seasonably raised before the Magistrate Judge, the same cannot be said for "new authority supporting an argument made to the Magistrate Judge." *See* plaintiff's memorandum at p. 6. However, this is not the case. In *Patterson-Leitch Co.*, the First Circuit rejected the unsuccessful litigant's attempt to raise belatedly a claim which was not pleaded. *See Patterson-Leitch* at 990. The Court stated:

> As previously noted, the claim was not pleaded. Plaintiff's only reference to the subject before the magistrate occurred in a single sentence in its opposition memorandum, bereft of meaningful citation of authority. A party has a duty to put its best foot forward before the Magistrate: to spell out its arguments squarely and distinctly. One should not be allowed to defeat the system by seeding the record with mysterious references to unpled claims, hoping to set the stage for an ambush should the ensuing ruling fail to suit. Given plaintiff's obfuscation, the district court's finding that the theory was not adequately placed in issue before the magistrate was eminently supportable.
>
> . . .
>
> When a magistrate is assigned to hear, and thereafter pass upon, dispositive motions, a party displeased by the ensuing recommendation has a well-defined duty:
>
>> A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate deems sufficient. . . . Within 10 days after being served with a copy of the recommended disposition, a party

> may serve and file specific, written objections to the proposed findings and recommendations. . . . The district . . . shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions. (Citations Omitted)

> Appellant tells us that Rule 72(b)'s requirement of a "de novo determination" by the district judge means that an entirely new hand is dealt when objection is lodged to a recommendation. That is not so. At most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal. The rule does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate. (Citations Omitted)

> The role played by magistrates within the federal judicial framework is an important one. They exist "to assume some of the burden imposed [on the district courts] by a burgeoning caseload." (Citations Omitted) The system is premised on the notion that magistrates will "relieve courts of unnecessary work." (Citations Omitted) Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and – having received an unfavorable recommendation – shift gears before the district judge. (Citations Omitted) Such a fast shuffling of the orderly processes of federal litigation should not be encouraged.

> In a nutshell, the argument upon which Palco belatedly places such stock could have been, but inexplicably was not, presented to the magistrate in the first instance. The appellant is not entitled to yet another nibble at this particular apple. We conclude without hesitation that the district judge did not abuse his discretion in declining to entertain the nascent third-party beneficiary claim.

*Id.* at 990-991.

The First Circuit explained that the district judge's duty was to scrutinize *de novo* only those objections related to points placed squarely in issue before the Magistrate Judge. *Id.* at 995. This, of course, is precisely what plaintiff failed to do in this case. Rather, plaintiff cited to only one Virginia statute, §38.2-3502, at oral argument on the summary judgment issues. At the Objection stage, however, plaintiff made arguments based on §38.2-3511, §38.2-3501, §38.2-109 and §38.2-319. Thus, plaintiff failed in his duty, as recognized in *Patterson-Leitch*, to place these Virginia statutes squarely at issue before the Magistrate Judge so that they might be properly considered. Accordingly, *Patterson-Leitch*, does not support plaintiff's position that the Court breached its obligation to take judicial notice of the belatedly cited sections of the Virginia Code.

Plaintiff also cites *Borden v. Secretary of Health and Human Serv.*, 836 F.2d 4 (1st Cir. 1987) which likewise does not support plaintiff's position, holding "Here the district court judge properly refused to consider an argument which could have been, but inexplicitly was not, presented to the magistrate in the first instance." *Id.* at pg. 5.

Plaintiff asserts that these cases hold only that new arguments belatedly made will not support objections to a Magistrate Judge's R&R. However, newly discovered authority which purportedly supports an argument should be. However, the opinions cited by plaintiff, and addressed above, as well as *Firemen's Ins. Co. of Newark, N.J. v. Todesca Equipment Co.*, 310 F.*3d* 32 (1st Cir. 2002), do not so hold. Nowhere does the *Firemen's* opinion address the distinction which plaintiff here urges, *i.e.*, not that a new argument has been made in support of a claim for breach of contract, but only new authority purportedly supporting same. Unfortunately for the plaintiff, however, this is a false distinction, even if it were supported by binding authority, where plaintiff in fact attempts to use the belatedly cited Virginia statutes solely for the

purposes of expanding the contractual obligations owed by the defendant beyond the express written provisions of the policy. Accordingly, there is neither procedural nor substantive merit to plaintiff's position, and the request for reconsideration should be denied.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's Motion for Reconsideration should be denied, with prejudice.

/s/ Timothy M. Bliss
Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Melissa Lang, Esq.
HARVER PENNINGTON LTD.
1835 Market Street, 29th Floor
Philadelphia, Pennsylvania 19103
(215) 575-4168
(215) 568-1044 FAX

Dated: October 31, 2007

CERTIFICATE OF SERVICE

To:

Jessica L. Basso, Esq.
Law Office of Thomas R. Ricci
303 Jefferson Boulevard
Warwick, RI 02888

I hereby certify that I electronically filed the within Objection on October 31, 2007. The Objection is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record will be effectuated by electronic means or by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss